## ZERGER against SAILER.

IN ERROR.

*Lancaster,*
*Saturday,*
*May 29.*

The court cannot be called upon to charge the jury that either party has proved certain facts which are sufficient to make out his claim or defence; because the Court has no right to charge the jury that the facts are proved.

An award of a certain sum to the defendant, "deducting an unsettled account of the plaintiff "against the defendant," is void.

Where several things are to be done by the plaintiff, precedent to the performance of the defendant's part of the agreement, it is necessary for the plaintiff to aver performance of all the things to be done by him. But if the performance of a part is not averred, and it appears by the defendant's plea, or by his notice under the plea, that the part in question was performed, the declaration is cured.

ERROR to the Common Pleas of *Dauphin* county.

In the Court below *Sailer* brought case against *Zerger,* in which he declared, that whereas *Zerger* on the 1st of *August* 1803, in consideration of 414*l.*, sold to *Sailer* thirty-six acres of land in *Dauphin* county, and delivered the possession thereof to *Sailer,* who being so possessed, erected and built a good two story house on the land, which cost him

300*l.*: and afterwards, to wit the 1st of *March* 1805, at, &c. it was agreed between the parties, that if *Sailer* would *rescind* the aforesaid contract, and redeliver quiet and peaceable possession of the said 36 acres of land, and the house thereon erected, that he the said *Zerger* would well and truly pay *Sailer*, all the money and value which he had received on account of the purchase money of the land, and would reimburse and pay to *Sailer* the full amount of the monies which he had expended in erecting and building the said house, as well as a reasonable allowance for his personal labour upon the same. That the said *Sailer*, reposing confidence in the promise of the said *Zerger*, on the said 1st day of *March* 1805, at, &c. at the special instance of the said *Zerger*, did redeliver quiet and peaceable possession of the said 36 acres and the house, unto the said *Zerger*, in pursuance of the said agreement, and the said *Zerger* did then and there promise *Sailer*, that he would, when required, pay to *Sailer* the amount of the monies and value by him received on account of the purchase money aforesaid, and also that he would pay and satisfy him for all his expense, and labour expended in erecting and building the house. The declaration then averred that *Sailer* paid in money and goods to *Zerger* to the amount of 200*l.* on account of the purchase money, and that he expended in erecting the house 300*l.* and that *Zerger* though requested, had refused to pay.

To this the defendant pleaded *non assumpsit* and payment, and afterwards added arbitrament and award, and accord and satisfaction; and gave notice to the plaintiff, that he should give in evidence at the trial, that in the year 1803, he sold by parol to the plaintiff, 36 acres of land for 11*l.* 10*s.* the acre, to be paid in a particular manner set out: that the defendant was to do certain things about the premises for the plaintiff, and that the plaintiff was to do certain other things, which were also set out: that the plaintiff never did those things, nor any part of the consideration, although the defendant was always ready, and did perform all on his part. That when the plaintiff found he could not pay for the said land, or perform his said agreement, he made a new agreement with the defendant by parol, in and by which *he agreed to relinquish all claims under the aforesaid purchase,* in consideration of 5 acres of

rye, which he afterwards received and took away, *yielding all claims against the defendant;* and *the defendant thereupon gave up the contract.*

A variety of evidence was given upon both sides, and the defendant proved an award in a suit brought by him against *Sailer* for the same matter, before a justice of the peace, by which the referees awarded to *Sailer* 60*l.*, *Zerger's* unsettled account against *Sailer* to be deducted out of it: and at the conclusion, his counsel asked the Court to charge the jury; 1. That the plaintiff had not proved the cause of action declared for. 2. That there was a variance between the declaration and the evidence. 3. That the defendant had supported his plea of accord and satisfaction, and established his defence. The presiding judge charged the jury, " that the plaintiff " was bound to prove the contract laid in the declaration: " that the allegations and proofs must agree; and if the con- " tract declared on, or the consideration stated, was at vari- " ance with the evidence, the plaintiff could not recover; but " that variance or no variance was a matter of fact on which " the jury were to decide." He also charged them that the award was void, not merely because it was made in a suit before a justice for a sum beyond his jurisdiction, but because it was neither final nor certain.

The exceptions taken by the counsel of the plaintiff in error, were seven. The first three, because the Court omitted to charge the jury in the manner above stated: fourth, for charging that the award was void: fifth, not material: sixth, because the consideration for the defendant's promise, was in part the rescinding the contract, and there was no averment in the declaration, that the plaintiff had rescinded it: seventh, because the consideration being founded on the rescinding of the contract, and delivering possession of the land and house, the promise is made to rest upon and arise out of the delivery of possession merely.

*Elder* and *Hopkins* for plaintiff in error.

*Goodwin* and *Duncan* contra.

TILGHMAN C. J. stated the first three exceptions, together with the charge of the judge, and then proceeded as follows:

1813.

ZERGER
v.
SAILER.

I cannot perceive error in this charge. The attention of the judge was not drawn to any particular point, but he was called on to declare that upon the whole evidence, the plaintiff had failed in proving his cause of action. The rule of law is, that "to questions of fact the judges are not to answer." How could the judge answer the question proposed, without deciding the fact? If the Court have a right to direct the jury, that certain facts are proved or not proved, then the jury are bound to obey the direction. It follows that the trial by jury is at an end. The Court may express their opinion of the evidence, and if they think the jury are clearly mistaken in deciding on facts, they may order a new trial; but when the new trial is had, the decision of the facts reverts again to the jury. If the opinion of the Court is desired on matters of law, they may be required to give in charge to the jury hypothetically, that if the jury shall be of opinion that certain facts are proved or not proved, the result of law will be in a certain way; or if the defendant's counsel think that the facts proved do not support the declaration, they may demur to the evidence. I know no other way of withdrawing the decision from the jury and giving it to the Court, unless the parties will agree on a state of facts, to be submitted to the Court's decision. The same remarks will apply to the evidence of the defendant. If the Court are required to declare to the jury as matter of law, that the defendant has proved certain facts which are sufficient to support his defence, they are not bound to do it. But they may and ought to declare, that in case the jury should be of opinion that the facts are proved, in that case the defence is good in law.

The fourth error assigned is on the opinion of the Court with respect to an award. *Zerger* had sued *Sailer* before a justice of the peace for a debt under 100 dollars; the suit was submitted to arbitrators, who made an award in favour of the defendant for 60*l.* to be paid by the plaintiff, *deducting an unsettled account of the plaintiff's against the defendant.* Many faults have been found with this award. It was decided by the Court to be void, and the decision was clearly right; for without entering into all its faults, it is neither certain, final, nor conclusive. How much was to be paid by the plaintiff to the defendant? No man can say. Be-

fore that question is answered, you must settle the plaintiff's account, and the settlement of that account may involve the parties in another suit.

There was one more error assigned in the charge, which it would have been necessary to consider, in case our opinion had been that the award was good; but the award being void, the ground of this error is removed.

The declaration remains to be considered, which is said by the counsel for the defendant, to contain no cause of action. The objection is, that although it is set forth, that possession of the house and land was delivered, yet it is not said, *that the original contract was rescinded,* which is a material part of the consideration of the promise on which this suit is brought. The general principle is, that where several things are to be done by the plaintiff, precedent to the performance of the defendant's part of the agreement, it is necessary for the plaintiff to aver performance of all the things to be done by him. It is argued for the plaintiff, that the delivery of the possession implies the rescinding of the contract. Without deciding that, my opinion will be founded on another circumstance. The defendant pleads payment with leave to give the special matter in evidence, after which, according to the rule of Court, he gave notice of the matter intended to be given in evidence. This notice is to be considered as part of the plea. It appears by the notice, that the defendant intended to prove among other things, that the original contract was rescinded, so that the omission in the declaration is supplied in the defendant's plea. It appears on the record, that the contract was rescinded; and, whether it is made to appear by the averment of the plaintiff, or the plea of the defendant, is quite immaterial.

I am of opinion on the whole, that none of the errors assigned have been supported, and therefore the judgment should be affirmed.

BRACKENRIDGE, J. On demurrer to the action on the ground of an unlawful cause of action, or on demurrer to the declaration no cause of action being set forth, or to the evidence none appearing to support the declaration, or to a variance of the evidence from the declaration, which is the same thing, for in that case it was as no evidence, a bill of

exceptions would lie on the part of the plaintiff, the judgment being against him. But if no demurrer takes place on the part of the defendant, and he waives all application to the Court, in such cases what can the Court do but leave it to the jury under their direction? They may, it is true, interpose at once and direct a nonsuit; but they are not bound to do it, unless at the instance of the defendant, the plaintiff being willing to run the risk of a verdict against him. I except those cases where there is a want of jurisdiction, and an unlawful cause of action; for in these cases, the Court are bound at once to interfere and put an end to the proceeding. This, where the want of jurisdiction is evident, and the nature of the action is against public policy or good morals. But on the ground of there being no cause of action set forth in the declaration, and no demurrer to the declaration by the defendant, or on the ground of the *probata* not supporting the *allegata* of the declaration, and no demurrer to the evidence on this behalf, the question is not put immediately to the Court, so that they are bound to answer it. The defendant letting it go to the jury, if there be any fact upon which the law arises, what can the Court do but leave that fact to them. Whether the *probata* varies from the *allegata* becomes then a matter of fact, upon which they must decide. I have never heard of a bill of exceptions to the opinion of the Court on this case, because they did not undertake to say that there was no evidence, or that there was a variation. But all these things may be taken advantage of in another stage of the cause, and the question put to the Court on a motion in arrest of judgment. A bill of exceptions would lie to the judgment of the Court in this case, either for the plaintiff or by the defendant, as the judgment might be. Where the matter of law is involved in the issue, and cannot be separated from it, the Court may be called upon in their direction to the jury to state the law, and if not correctly stated, a bill of exceptions will lie to the opinion of the Court. But variance or no variance is a matter that might be separated from the issue, and if not done and put to the Court, what can the Court say in their direction to the jury, but that you must judge, whether there is evidence or no evidence, variance or no variance, in the proof offered to support the declaration. It

would not be doing justice to the judge to waive all form in bringing this matter forward, and to treat it as a judgment on a motion in arrest of judgment, where the point of law had been brought precisely before him, and on which he had given judgment, or where in his direction to the jury he had been called upon to say, whether supposing a variance the plaintiff could recover. But he has said this, and that if a variance, the plaintiff could not have a verdict; and variance or no variance is a fact which he has left to them as a fact upon which the law must arise. I cannot see error in this. But what variance could he have stated as a matter of law between the evidence and the declaration? The evidence is abundant that in consideration of rescinding a former contract, *a new contract was made.* This new contract and a compliance with it on the part of the plaintiff is proved. But can it be made a part of the new contract that the former contract was rescinded? The word rescind takes its rise *vi termini*, as it would appear, from the syngraph, or writing some word vertically upon the parchment or paper on which duplicates of the contract were written, and then cutting through the word, so that each had his half, which, when united, would show the identity of the duplicate instrument. From these brought together and united, the word was cut away, so that the instrument of contract was said to be rescinded, and the cleaving undone. Where this form cannot be observed, what can be the evidence of waiving a former contract, but a compliance with the new, where that is the condition of the former being annulled? But it is not averred in the declaration that he did rescind the former contract, but it is averred that he complied with the new; what is the *whereas*, and stating the former contract, but *inducement* to the laying the new? The *whereas* need not be proved in any declaration; it is but matter of inducement. The consideration of the new contract was the delivering up possession of certain premises, and this is laid in the declaration, and is proved to have been done. If we could get at it under an exception to the charge generally, the defect alleged in the declaration is but matter of form; and where there is such a want of form in getting at the exception, it is not with a good grace that it is insisted on. I feel myself at a loss how to get at it at all; and supposing

we could get at it, I see no substantial error in it. But it is alleged "that the Court erred in charging the jury that the *arbitrament and award* were void," which was a plea in this case. In that I am abundantly clear that they did not err. It was absolutely void and of no account, and for the reasons given by the Court. It is not an exception that the Court left it to the jury under their direction to say *whether void;* because it could not otherwise be but that it must be left to the jury. It is not pleaded as a record, nor could it be so pleaded, so as to be brought before the Court as an abstract matter of law, upon which the Court upon inspection could decide. Had it been pleaded as a record, the plaintiff might have demurred, or the replication *nul tiel record* would defeat it. It is left to the jury as matter of fact, and the Court as matter of law, that taking the fact as it appeared, the award was void, and there was no accord and satisfaction. But supposing it not void, which would depend upon the evidence respecting it, I mean void in the submission and the making, the Court are alleged to have erred in leaving it to the jury to say whether under circumstances it was not waived or abandoned. This must also be a matter of fact, for it must depend upon the circumstances. This became immaterial in the case of a void arbitrament. But supposing it to be material, the Court and jury would have done right in considering it as abandoned and waived. The whole matter as brought before the Court has now rather the appearance of a motion for a new trial. But even in that view my impression from the testimony is not favourable to the defendant.

He seems to have used no small address to get the contract rescinded, or in other words the former bargain given up, and this being done, his object seems to have been to baffle the plaintiff and avoid a performance of the new contract on his part. But on the law grounds on which the writ of error has been brought I incline to affirm the judgment.

Judgment affirmed.