*Philadelphia.* LEWIS *against* EWING administrator *cum testamento annexo* of TAYLOR deceased, during the absence of the executor.

*Saturday,*
*January 4.*

IN ERROR.

A plaintiff who sues as administrator *cum testamento annexo,* during the absence of the executor, must aver in his declaration, that such executor continued to be absent at the time of bringing the action; and an omission to do so is fatal.

ERROR to the District Court of the city and county of *Philadelphia.*

On the 10th *July*, 1811, an agreement was signed by *Samuel Ewing*, administrator, with the will annexed of *George Taylor* deceased, during the absence of the executor of the said *Taylor*, and *William Lewis*, to enter an amicable action as of *June* Term, 1811. The action was accordingly entered on the 27th *November*, 1811. On the 29th *November*, 1811, the plaintiff filed his declaration, and on the 3d *December*, 1811, he entered judgment for want of an affidavit of defence.

But if the defendant puts in a plea to the merits, the error is cured.

But such defect is not cured, where judgment is obtained by default for want of an affidavit of defence; nor by the act of 21st March, 1806.

fence. A *scire facias* was issued thereupon, to *March* Term, 1815, and judgment had thereon.

Several reasons for reversal of the judgment below were insisted upon by the plaintiff in error; but two of them, however, were noticed in the opinion of this Court.

1. That the entry of the judgment in the original action, was not authorised by any rule of law or practice.

2. That the declaration does not aver, that the executor, during whose absence administration was granted, continued to be absent at the time of bringing the action.

*Lewis* and *Rawle*, for the plaintiff in error.

*J. R. Ingersoll* and *Chauncey*, contra.

TILGHMAN C. J. This is an action on the case, brought in the District Court for the city and county of *Philadelphia*, by *Samuel Ewing* administrator of *George Taylor*, with his will annexed, &c. against *William Lewis*. The action was entered on the 27th *November*, 1811, as of *June* Term, 1811, by virtue of an agreement between the parties, dated *July* 10th, 1811. On the 29th *November*, 1811, the plaintiff filed his declaration; and on the 3d *December*, 1811, he entered judgment for want of the defendant's affidavit, that he had a just defence, according to a rule of the District Court. That Court, at the time of the entry of this judgment, regulated its practice by the rules of the Court of Common Pleas, which have been produced to us. It appears, that on the 17th *April*, 1809, a rule was made that the plaintiff might enter judgment at the third term, unless the defendant should before that time file his affidavit of defence; and on the 31st *March*, 1810, another rule was made, that " where judgment " for want of an affidavit of defence, had been entered at " the third term, and no declaration had been filed at the " second term, the judgment should be considered irregular." It is contended on the part of the plaintiff, that this last rule was entirely retrospective, and not intended to have any effect on subsequent judgments; and for this construction, they appeal to the practice of the court. If it were necessary to decide this point, I should require very clear proof of the alleged practice; because it is dangerous to permit the entry of a

1817.

Lewis
v.
Ewing.

judgment for want of an affidavit of defence, in an action on the case, in three days after the filing of the declaration. No affidavit ought to be expected before the filing of the declaration, because the plaintiff's demand cannot be known : and three days afford so little time for the defendant to ascertain the plaintiff's demand, and his own defence, that it can hardly be reconciled to justice, to compel him to put in his oath in so short a period. These remarks I think it proper to make, in order that the gentlemen of the bar may be on their guard against delay in filing declarations. But I shall give no opinion on the regularity of the judgment, as the case may be decided on other grounds. Many exceptions have been taken to the declaration ; I shall confine myself to one. The plaintiff has not shewn that he has a right to bring this action, because he has not averred that the executor, during whose absence the administration was granted, continued to be absent at the time of bringing the action. This is a fatal omission. The administration is restricted to the absence of the executor, and the register of wills had no power to grant it for a longer period. The case of *Slater* v. *May*, 2 *Lord Raymond*, 1071, is directly in point ; and it is there said, that there is no authority in the law to the contrary : the case of *Hodge* v. *Clare*, 4 *Mod.* 19, which seems against it, being falsely reported. The roll in the last mentioned case was searched, and it was found that there was a full averment, that the person during whose absence administration was granted, was in parts beyond sea. But if the defendant puts in a plea to the merits, the error in the declaration is cured ; because the defendant thereby admits, that the defendant is capable of sueing. This is proved by the case of *Beal* v. *Simpson*, 1 *Lord Raymond*, 108. The plaintiff contends, that the defendant, by omitting to put in his affidavit of defence, has cured the defect in this case ; but I cannot agree with him. The judgment was entered for the default of the defendant ; but this default admits nothing. No inference can be drawn from it in support of the declaration. It is quite different from the case of a verdict; where the defendant, by resorting to other matters, admits by implication, that there is no disability in the plaintiff. Neither is the defect cured by the act of 21st *March*, 1806. That act cures defects of form only, and permits amendments at any time before or even during the trial. But this

is a defect of substance. I am therefore of opinion, that the judgment entered in this case was erroneous, and should be reversed.

YEATES J. I do not hesitate to assert, that the District Court are better enabled to judge of the rules regulating their own practice, and of the construction of them which they have adopted, than ourselves. Whether the judgment entered in the original suit, for want of an affidavit of defence, was regular or not, no declaration having been filed at the second term after the action should have been entered pursuant to the agreement, according to the usage of that Court, it was peculiarly their province to determine. But whether it was regular or not, if an early application had been made, grounded on an affidavit of merits, we are bound to presume they would have let the defendant into a trial. Here the judgment slept above three years without any proceedings had under it, which gave the defendant abundant time to move the Court to open the judgment. Although I regard what has been done in this instance, as highly severe practice, no plea having been demanded, yet I should not feel myself authorised on this ground alone to reverse the judgment.

The declaration is certainly informal, in not naming the executor mentioned in the will. Perhaps, however, this would be cured, by the *profert* of the letters of administration with the will annexed; although I do not view the entry as a voluntary confession of judgment, or as equivalent to a verdict, which would salve many defects after a trial on the merits. But the want of an averment in the declaration of the absence of the executor, strikes me as a radical defect. A plaintiff is bound to state in his declaration whatever is necessary to support his action. Here a special limited authority was devolved by the register on Mr. *Ewing*, which continued no longer than during the absence of the executor named in the will. The cases cited from 6 *Mod.* 241, 242. 304. 1 *Ld. Raym.* 408. *Hob.* 251. *Cro. Jac.* 590. 5 *Co.* 29. 3 *Keb.* 212. and 2 *Stra.* 917. abundantly prove the correctness of the position, that a temporary administrator must shew, in all actions brought by him, that his administration continues; and all the precedents produced from the books

1817.

LEWIS
*v.*
EWING.

of entries fully evince the correctness of the principle, and corroborate it.    My opinion therefore is, that the judgment of the District Court be reversed.

GIBSON J. expressed his concurrence with the opinion of the Chief Justice.

Judgment reversed.