The opinion of the court was delivered by
Gibson, J.
It docs not, as alleged, appear by the record, that the issue on the plea of nul tiel record, was tried by the jury. But were the fact otherwise, it would be sufficient to say that the recognizance given by a sheriff, is not a record. It is, in this respect, like a mortgage, the execution of which, although it has been recorded, is tried on a scire facias under the plea of non est factum. Possibly the plea of nul tiel record, in a case like this, might be held bad on demurrer; but, with respect to that, as it is not the subject of controversy, we intimate no opinion.
Is is alleged, that the recognizance produced to the jury is joint, whereas the recognizance set forth in the writ and declaration, is several. In the form prescribed in the act of assembly the recog *267 nizors do not, indeed, in the express words of acknowledgment by which the debt is created, declare themselves to be indebted jointly and severally; but they consent that the goods shall be levied of their several goods and chattels, lands and tenements; which- satisfactorily evinces an intention to render themselves severally liable. The bond which is to accompany the recognizance, is to be joint and several in terms; and it is difficult to imagine why the legislature should mean to decrease the security of the public under the recognizance, by releasing the personal estate of those sureties, who should die leaving one or more obligors surviving. This principle of survivorship is one of doubtful propriety; and hence we find the courts laying hold on slight circumstances to elude it. At the last term of this court for the Southern District, a bond was held to be several on the construction of words very like those relied on here. But even were it otherwise, nothing is more clear than that advantage could not be taken of the variance unless it were pleaded.
At the trial, Lynch, who is the principal in the recognizance, and was the sheriff who made the return, with which it is intended to fix the defendant, was called to prove that his l’eturn was made at the request of the plaintiff’s attorney, without any money having been made on the execution, or having been actually received by him. A sheriff’s return is always at least prima facie evidence of the fact, even in his own favour or against third persons; because it is the official act of a public and sworn officer, to which faith ought therefore to be given. 1 Phill. Ev. 313. 19 Vin. Return, (o) pl. 34: and it is conclusive in the action in which it was made. 19 Vin. Return, (o) pl. 15. Wilson v. Hurst’s Executors, 1 Pet. 441. But, in an action to which the sheriff is a party, it is in all cases conclusive against him, but not in his favour; for in an action against him for a false return, the plaintiff may falsify it. Purrington v. Loring, 7 Mass. 388. Garner v. Hosmer, 6 Johns. 325; although, where he is a party, he cannot falsify it; as in Shewel v. Fell, 4 Yeates, 47, where it is said, the assertion that a sheriff or other ministerial officer, may explain or contradict his return of goods levied, lands sold, or in custody, in suits brought against him, whilst the return remains unaltered and in force, seems strange and unwarrantable: and that, if there were any mistake, the proper course would be an application to the court-to amend. Now, here, the surety, for every purpose of responsibility, stands in the place of the sheriff himself, and would therefore not be permitted to contradict his return, even by indifferent witnesses. But even were this not so, an objection on the ground of public policy would lie to the sheriff, personally, as a witness to contradict his own return: as in Williams v. Brackett, 8 Mass. 240, where it was held that the sheriff cannot be admitted in a suit between other parties, to change the description of land in an attachment made by him in a former action, so as to make *268 the description apply to other lands of the debtor. So that whether this suit be considered on the footing against the sheriff himself, or of a suit against a third person, in which a sheriff was called to contradict his own return, it is equally clear that the evidence was incompetent'.
This scire facias is brought in the name of the commonwealth, by Jonathan Manro for the use of Nathan Ji. Manro; and it is objected, that it is not shown in the body of the writ, how Nathan Jl. Manro was damnified. It is, however, alleged generally that he was damnified, and the cause of action is specially set out in the declaration; which is sufficient. It was, however, unnecessary to mention the name of Nathan JL. Manro at all. Jonathan was the legal plaintiff on the record, in the action in which the injury was suffered, and he is the proper person to pursue in the name of the commonwealth. These equitable assignments give no right of action in the name of the assignee, and never enter into the pleadings, which can set forth nothing but a legal title; whereas an equitable assignment is viewed in the light of a declaration of trust, which chancery will execute or not, according to circumstances. 1 Mad. Ch. 545. Stone v. Lidderdal, 2 Anstr. 533. Our system of pleading is already incongruous enough; but it would present a shocking anomaly, if the assignment of an action depending should be permitted to enter into the title to sue in the party’s own name in a second action, for an injury suffered in the first. No such principle is applicable to the assignment of a chose in action independent of statutory provisions where there are any; and the assignee of a judgment cannot have a scire facias to revive it in his own name. The assignment of a right in action, amounts to an agreement which the court will see executed, that the assignor will receive the money to the use of the assignee. The marking of a suit to the use of the assignee, is therefore proper to disclose the interest of the latter, so as to render the assignor a trustee for him: but it never can affect the rights or vary the remedies which the legal parties on the record may have in respect to each other. It is clear, therefore, that this scire facias could be prosecuted in the name of the commonwealth, only by the legal plaintiff in the original action.
Judgment affirmea[.