The opinion of the court was delivered by
Tod, J.
There is no doubt of the power of the court below to permit the substitution of the amended narr. As clear it is, that though the defendants below might, if they thought fit, enter a new plea to the new declaration,, and it would have been regular to-have done so, yet they might elect to abide by their former plea of payment; and after a verdict, their going on to trial upon that plea must here be taken as conclusive proof that they did so elect. The slip in the name of Christopher, instead of Christian, cannot be assigned for error. The time to object to the variance was when the fieri facias, or the judgment was offered in evidence to the jury; yet the defect would probably then have been permitted to be cured at once by the amendment of the narr.
The main defect relied on is, the omission to aver the existence-of any judgment against Belford. What the case would be upon demurrer for this cause need not be decided. Admitting it to be a defect, I take it to be cured by the plea of payment and by the verdict. A breach is alleged in the words of the condition. Besides here the sheriff has collected the money on M. and C. Marks’s-execution, and has it in his hands. Suppose then the very worst that is imagined in argument: — Suppose there is no judgment or an erroneous judgment, and that the execution will be set aside upon error; at whose expense will that be? Not the sheriff’s. The writ of restitution must be executed upon W. and C. Marks, and the fieri facias is for ever a sufficient justification to the sheriff against Belford. At any rate, if the declaration is defective, the defect is .removed by the verdict. Brownfield v. The Commonwealth, for the use of Monro, 13 Serg. & Rawle, 265. Thompson v. Musser, 1 Dall. 461. Geyer v. Sailer, 6 Binn. 24. Lewis v. Ewing, 3 Serg. & Rawle, 44, appear conclusive upon the case.