Rogers, J.
I cannot concur with the affirmance of this judg *152 ment. The error alleged, is the want of an averment of a judgment; and this, I believe, has always been held in Pennsylvania, and in every other country which is governed by the principles of the common law, to be a fatal objection to a declaration.
A declaration must allege every circumstance necessary to the support of the action. 1 Chitty, 190, 185. The plaintiff must show himself entitled to the money, which can only be done by giving in evidence a judgment on which th e fieri facias has been issued. This, it will be observed, is a suit brought against the surety of the sheriff, and before action can be sustained, it is particularly necessary that the title of the plaintiff to the money should be set forth. The surety is not a party to the former suit, and cannot, upon any principle, be supposed acquainted with the plaintiff’s right. He is not called upon to answer the demand until the plaintiff has exhibited and clearly proved his claim to the money alleged to have been received by the sheriff. It is not for the sureties to disprove the right, (which would compel them to prove a negative,) but the onus probandi is, as it ought to be, thrown upon the plaintiff.
The fieri facias, without proof of the judgment, is not sufficient evidence, unless when the action is brought by the person against whom the writ of fieri facias issued; in which case proof of the judgment will not be necessary; for though a judgment may be inferred from the fieri facias as between the parties to the suit, yet it cannot be so inferred against a stranger. Lake v. Billers, 1 Lord Ray. 733. 5 Burr. 2632. 2 Bl. 1104.
I hold it to be an undeniable position, that that which is the,sine qua non of the recovery must in a special declaration,such as this, be positively and particularly averred.
This point does not depend upon general reasoning. It has already at an early day, been judicially examined and decided. Jones v. Pope, 1 Sound. 34.
That was the case of an action of debt for an escape, and Saunders took the exception that the plaintiff had only shown that he had sued a writ of execution, but had not shown that he had recovered any judgment as he ought: that the defendant might have pleaded nul tiel record to the judgment, if the plaintiff had set it out; but by this declaration, the defendant is ousted of such a plea; and for this, he cited Dr. Drury’s case, S Rep. 142. And suppose, continued Saunders, the judgment had afterwards and before the bringing of this action been reversed, the action would be gone. 8 Rep. 142.
To this, I add, if the judgment in this case had been averred and proved, it might have appeared that satisfaction had been entered on the record.
These considerations acquire great weight from the circumstance, that the surely was no party, nor cognizant of the proceedings which are the foundation of this action.
*153 In addition to the authority of Saunders, I find, upon a careful search, that all the approved precedents, without an exception, set out a judgment. This, with reason, has always been considered as the best evidence of the law. Precedents of Declarations, 278. 8 Wentw. 460, 482. 5 Wentw. 226, 250. 2 Chitty, 350. Harris’s Entries, 433, 435, 436. Plead. Ass.
In a suit against the sheriff for an escape on mesne process, it is necessary to allege the debt.. Plead. Ass. 41. For an escape on a ca. sa. the judgment is averred. Plead. Ass. 48. The same averment must be made in an action against the sheriff for a false return to a fieri facias. Plead. Ass. 47. So also in a suit against the coroner for not returning a vend, exponas. Plead. Ass. 49. Precedents of Declarations, 278. 2 Chiity, 350.
Upon the authority of the case in Saunders, the reason of the thing, and the uniform precedents, I hold it to be clear law, that the judgment must be averred, as well as found, to entitle the plaintiffs to recover.
I do not indeed understand it to be denied, that this would have been fatal on a general demurrer, nor is it disputed that the judgment must be shown on the trial. There was not a demurrer here, but the parties went to trial on the plea of payment and after verdict there was a motion in arrest of judgment, which was overruled.
It is alleged by the defendants in error, that if there be a defect in the declaration, it is cured by the plea of payment, with leave, &e. This would indeed make a new era in legal jurisprudence. The law has not been so considered heretofore, nor can it be, in my opinion, so held on principle. The plea of payment admits the truth of the averment in the plaintiffs’declaration, and nothing more. For this I refer generally to 6 Binn. 24. S Serg. & Rawle, 316. 11 Serg. & Rawle, 318, and to the uniform course of decisions by this court.
It has been further contended, that the defect is cured by the verdiet under the statutes of jeofails, and the sixth section of the act of assembly of the 21st of March, 1806.
The principle is correctly and clearly stated in 3 Bl. Com. 395, and is decisive of the first branch of this objection: “If the thing omitted is essential to the action, or defence, it cannot be cured by a verdict.”
The act of assembly provides, that in all cases where any suit has been brought in any court of record within this commonwealth, the same shall not be set aside for informality, if it appear that the process has issued in the name of the commonwealth, against the defendant, for monies owing or due, or for damages by trespass, or otherwise, as the case may be, that said process was served on the defendant by the proper officer and in due time.
This act of assembly has been uniformly held to extend merely to matters of form; it is, therefore, unnecessary to state what my *154 opinion would be, if the question were now, for the first time, to be settled by a solemn decision of this court.
In relation to this matter, I adhere to the rule of stare decisis.
I shall certainly not contend, but that the suggestion of breaches generally in the words of the condition, is sufficient to support the declaration, with this qualification, that the plaintiff at the same avers his title to the money. The objection here is, not that the suggestion of the breaches is too general, but that there is no averment of a judgment, or in other words, that the plaintiff shows no right to the money alleged to have been received by the sheriff on this fieri facias. The reason a general suggestion of breaches is held to be sufficient is, that otherwise the declaration would, in tho language of the book's, tend to infiniteness.
It is said, that in an ejectment the plaintiff recovers by the strength of his own title, and this is equally true of every other action. The plaintiff must always show his right to the money he seeks to recover. It is sufficient for the defendant that the plaintiff shows no right.
If this defect be cured by verdict, it is difficult to conceive what default will not be. If we axe to presume in this case that the judgment was shown to the jury, we shall, in all cases, be bound to presume that every thing was proved necessary to the plaintiff’s recovery. The principle has been heretofore, that we can judicially notice only what has been particularly averred, or appears in some way on the record of the cause. 6 Binn. 24, 28. 10 Berg. & Rawle, 233.
I would not wish to be considered as regretting this decision, as perhaps it may be supported byresorting to first principles. But as it is in my opinion, contrary to the whole current of decisions in Pennsylvania, and the general opinion and practice of the profession and the coui'ts, I repeat that I cannot concur in the affirmance of this judgment.
Gibson, C. J., concurred with Rogers, J.; but Duncan, J., agreeing with Tod, J., the judgment was affirmed, because the courf was equally divided. Huston, J., took no part in the decision, having ruled the case below.
Judgment affirmed.