Woods *et al.*, Respondents, v. Timmerman's Assignee, Appellant.

1. Assignments for the benefit of a portion of the creditors of the assignor are valid notwithstanding section 39 of the act concerning voluntary assignments; that section operates to overthrow all provisions in assignments giving preferences among the designated creditors.
2. A provision in an assignment providing for the payment of a particular debt of a designated creditor would be valid.

*Appeal from St. Louis Circuit Court.*

Francis Timmerman made an assignment of his effects to William Muir for the benefit of his creditors. In the schedule annexed to this deed the claim of the plaintiffs is thus described : " *Names*—Messrs. Woods, Christy & Co. ; *Residence*—Main street, St. Louis ; *Class*—Two notes ; *Amount* —$554.55." Timmerman was further indebted on a note for $3,130.50, payable to the order of one of the plaintiffs individually, but which was claimed to belong to the firm of Woods, Christy & Co. This note was mentioned in the deed of assignment. It was secured by a deed of trust executed by Timmerman on certain leasehold property in St. Louis. ·Plaintiffs sold the leasehold under the deed of trust and were paid out of the proceeds, on account of said note, $1,476.57. They afterwards presented the note, with the balance due on it, to the assignee for allowance and payment under the assignment. It is admitted that the proceeds of the assets assigned will pay the creditors mentioned in the schedule a dividend of less than fifty per cent., even should the plaintiffs claim on this note not be allowed. The assignee certified the claim to the circuit court. A jury, on an issue submitted to them, found that the note, though made payable to an individual member of the firm, was the property of plaintiffs. The plaintiffs moved the court to grant an order requiring the assignee to allow the claim of the plaintiffs on said note for $3,130.50, and to a *pro rata* dividend on the balance due thereon. The court granted the motion and required the assignee to allow the claim and pay it *pro rata* with the other claims.

*Shepley* and *P. B. Garesché*, for appellant.

I. The assignment of Timmerman was for the purpose of paying certain specified creditors certain specified debts. No provision is made for paying any other debts of the grantor than those named. The note of $3,130.50 was not included in said assignment and can take no benefit from the property assigned.

*S. T. & A. D. Glover*, for respondent.

I. It was the duty of the assignee " to adjust and allow the demand" of the plaintiffs. (R. C. 1845, p. 130, § 16.) The assignee not doing so that duty devolved on the circuit court. The deed of assignment could not fix the amount of plaintiffs' demand. The assignor had no power so to conclude the matter, nor could the assignee and plaintiffs conjointly. What was owing in point of fact was a question to be investigated and decided by legal evidence, and this was to·be done, in contemplation of the law, in defence of the deed and the agreement of the assignor, assignee, and the beneficiary specially concerned. The assignor could not put the plaintiffs' demand higher or lower than it was in fact. He could neither enlarge nor diminish the plaintiffs' demand. It was the duty of the court to ascertain the debt due independently of the way in which it had been fixed by the assignor. The purpose of the assignor was manifestly to divide his property *pro rata* among all his creditors.

NAPTON, Judge, delivered the opinion of the court.

It has been heretofore determined that, under our recent statute concerning assignments, debtors may still prefer some creditors over others, although they can not make distinctions between the preferred claims. Such a construction, although falling far short of the goal which the legislature appeared to be arriving at in the 39th section of the law, was rendered necessary by other provisions suffered to remain in the statute. If preferences are allowed as to the individual creditors, there is no reason why the same preferences may not be made with reference to the debt as to the individual who holds it. A debtor may choose to protect a particular debt, as for example a security note, in preference to other debts due the same individual. We can see no reason of public policy which will permit the one and exclude the other.

This being the law, it becomes a mere question of intent in

8—VOL. XXVII.

the construction of the instrument of assignment, as to whether the claim of Woods, Christy & Co. upon the note for $3,130.50 was one of those provided for in the assignment. The facts show very clearly that it was not. Woods, Christy & Co. were preferred on an indebtedness by two notes amounting to $554.55. These two notes, exactly to this amount, were presented and allowed. But Timmerman, the debtor, had also given his note to Woods (one of the firm), which was endorsed by Christy (another member), and this note was secured by a mortgage on leasehold estate. It appeared that the note was really owned by the firm of Woods, Christy & Co.; that it was given for goods bought by Timmerman of that house, and that the note was merely made to assume the form it did as a matter of convenience. It also appeared that only about half the note had been realized from the mortgaged property; but it further appeared that the mortgaged property was not included in the assignment, and that the property and effects assigned would not pay more than fifty cents on the dollar of the claims named, exclusive of this claim of W., C. & Co.

Under these circumstances it is very plain that Timmerman had no intention of working any provision for this note of $3,130.50. He does not mention it, but names two other notes and their exact amount. The only question, it seems to me, is, whether a debtor can select particular debts, as he undoubtedly can select particular creditors. The statute does not prevent this, and before the statute there could be no doubt on this question. In fact the language of the 39th section appears to recognize the law as above stated; it says, " and all debts and liabilities within the provisions of the assignment shall be paid *pro rata* from the assets thereof."

Judge Scott concurring, the judgment is reversed; Judge Richardson not sitting.