SYME *et al.*, Respondents, v. STEAMBOAT INDIANA, Appellant.

1. The objection that a petition does not state facts constituting a cause of action is not waived by a failure to take the same by demurrer; the defendant may make the same by motion for new trial, or may at the trial oppose on this ground the introduction of evidence on the part of the plaintiff.

## Appeal from St. Louis Circuit Court.

The petition in this case is as follows: "Plaintiffs state that they have a demand against said steamboat Indiana, amounting to the sum of $323.39, damages and charges, for that the master of said boat, as also Stoops, clerk of said boat, in navigating the waters of this state, undertook and agreed by his certain writing, which is hereto annexed and made part hereof, signed by said clerk in behalf of said boat, to carry and transport certain goods, wares and merchandise, the property of plaintiffs, to-wit, one case of merchandise, from the port of New Orleans, Louisiana, to the port of St. Louis, Missouri, as by said writing, now produced or ready to be produced, will more fully appear, and as also appears by the bill of lading now or hereafter to be produced; and the said plaintiffs say that although sufficient time has elapsed for the due performance of said agreement, the said master and clerk of said steamboat have hitherto wholly neglected and refused to perform the same, to the plaintiffs' damage as aforesaid. And said plaintiffs say that the said demand, in all its particulars as above stated, accrued against said steamboat within six months next preceding the filing of this complaint."

Neither the writing described in the petition nor the bill

of lading referred to was annexed thereto. At the trial, the defendant objected to the introduction of any evidence in the cause on the part of the plaintiffs on the ground that the petition did not state facts sufficient to constitute a cause of action. The court overruled the objection. The jury found for the plaintiffs. The defendant moved the court to grant a new trial upon the ground, among others, that the petition did not state facts sufficient to constitute a cause of action.

*Bland & Coleman*, for appellant.

I. The defendant may, upon the trial of an action, take the objection that the petition does not state facts sufficient to constitute a cause of action. It is the duty of the court to hear and determine such an objection. (R. C. 1855, p. 1231; 7 Barb. 581; 9 Barb. 158; 19 Barb. 186; 3 Seld. 459; 3 Seld. 576.) The petition does not allege that the defendant is a vessel used in navigating the waters of this state, or in any manner aver any facts giving the court jurisdiction in the premises. It does not state that the defendant was a common carrier. It does not state that defendant did receive or was to receive any compensation for the transportation of the goods. (23 Mo. 432; 24 Mo. 80; 9 Barb. 158.) The court erred in refusing the instruction asked by the defendant, and in instructing the jury, and in overruling the motion for a new trial.

*Carroll*, for respondents.

I. It is too late to object to the form of the petition at the trial. If defendant wished to assail the petition, a demurrer should have been filed. (See R. C. 1855, p. 1255, § 19.)

Richardson, Judge, delivered the opinion of the court.

The only question in this case is whether the petition is sufficient to support the judgment. It will be observed that the petition omits to charge that the defendant was a common carrier or that the goods were ever received, or that the defendant had converted them, or that there was any con-

Syme v. Steamboat Indiana.

sideration for the alleged undertaking. The defendant did not demur, but in the answer denied the allegations in the petition, and took the objection, on the trial, that the petition did not state facts sufficient to constitute a cause of action, and opposed the introduction of any evidence on the part of the plaintiffs.

If the petition had averred that the defendant was a common carrier, then, in consequence of the public employment voluntarily assumed, the boat would not only have been bound to receive the goods offered for carriage, but to have transported them to St. Louis, and, though no special contract had been made to pay a certain sum, it could have been safely averred that the undertaking was for a reasonable reward, as the right to compensation would have existed. But the petition states no fact that imposed any obligation on the defendant, and it omits the averment of any circumstances to distinguish the case from an ordinary gratuitous bailment. It does not even allege that the defendant ever received the goods, but only states a promise without any consideration to carry them.

The defendant might have demurred successfully to the petition. But the right to object at the trial, or on a motion in arrest, was not waived by the omission to demur, for the statute expressly provides that the objection, that the petition does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur. (2 R. C. 1855, p. 1231; Andrews v. Lynch, 27 Mo. 167; Welch v. Bryan, 28 Mo. 30; Montgomery Co. Bank v. Albany City Bank, 7 N. Y. 464; Gould v. Glass, 19 Barb. 185.) It is not necessary for a party to prove more than he alleges, and it can not be supposed that a cause of action has been proved when none is stated.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.