Frazer v. Roberts.

WILLIAM W. FRAZER, Appellant, v. LEWIS P. ROBERTS *et al.*,
Respondents.

*Jeofails.*—A defective averment may be cured by verdict; but where an aver-
ment necessary to authorize a recovery is entirely omitted in the plead-
ings, the defect is not cured, and the judgment will be arrested.

## *Appeal from Newton Circuit Court.*

This suit was commenced by the plaintiff, William W.
Frazer, in the Circuit Court of Newton county, at its April
term, 1859, by attachment, upon the following petition,
to-wit:

"The plaintiff states that at Granby, in said county, and
on or about the 10th day of January, 1859, he purchased
from the defendant Roberts, who was acting in his own be-
half, and as the agent of the defendant Sanders, all the in-
terest of the said Roberts and of the said Sanders in the
property, money and effects of the firm of Sanders & Co.,
and paid therefor the sum of eighteen hundred dollars. The
plaintiff further states that the said Roberts, acting as afore-
said, by way of inducing the said plaintiff to make the said
purchase, represented that the whole liability of the said firm
did not exceed the sum of one thousand dollars; that, rely-
ing upon, and confiding in, the said representations, the plain-
tiff made the said purchase; that the plaintiff has since ascer-
tained that such liability in fact exceeded the sum of three
thousand dollars, and that the statements and representations
of the said Roberts were grossly false and fraudulent, and by
him then well known to be so; wherefore, the plaintiff says
that he has sustained damage to the amount of eighteen hun-
dred dollars, for which he asks judgment."

The defendants, in separate answers, deny the false and
fraudulent representations, and deny the damage, but admit
the sale to plaintiff. At the October term of said court, 1859,
a trial was had, and a verdict for plaintiff for one thousand
four hundred and fifty-four dollars. Thereupon, defendants
filed their motion to set aside the verdict, and for a new trial,

which being overruled by the court, they excepted. Defend-
ants then filed their motion in arrest of the judgment, which
was sustained, and, plaintiff refusing leave to amend, the suit
was dismissed.

*Fitzgerald,* for appellant.

The motion in arrest of judgment should have been denied.
The action is purely *ex delicto*, and the omission to state in the
petition that Frazer at the time of the purchase was already
a partner is no defect, for, although such was the fact, it was
not one of the facts which constituted the cause of action,
and the proof of it was not necessary to his recovery. (4
Denio, 554.)

If the allegation had been essential to the petition, the
omission is fully cured by the allegations of the answer. (1
Chit. Pl. 671.)   Even if the defect had not been aided by the
answer, it was fully cured by the verdict at common law.
(1 Chit. Pl. 673 ; Gra. Prac. 525.)

Before the statute of amendments, the judgment would not
be arrested for a defect like this.   To warrant an arrest, the
defect must have been one fatal on demurrer. (3 Black.
393 ; 5 Duer, 699 ; 5 Duer, 176.)   Even then, if the demur-
rer is not interposed, but issue joined, and the statement
omitted in pleading established on the trial, the omission is
cured by the verdict.   (Gra. Prac. 525 ; 20 Barb. 493.)

The court will not arrest judgment for any defect which
might be supplied after judgment in furtherance of justice.
(1 Barb. 51 ; R. C., p. 1253, § 3 & 6.)   And the court is
prohibited from staying judgment, or impairing it, by reason
of certain defects and omissions ; and (8th) for want of any
allegation &c., for which demurrer could have been main-
tained ; and (5th) for any mispleading, &c.   (R. C., p. 1256,
§ 19.)

*Ryland & Son*, for appellant.

I. The vendee of a personal chattel has a remedy against
the vendor for the fraud which the latter has practised upon
him.   (4 Denio, 557.)

II. Fraud, and damage in consequence, have ever been regarded as a solid foundation for an action. (Pasley v. Freeman, 3 Tenn. 51.)

III. Where there is a defect, imperfection, or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer; yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated, or omitted, and without which it is not to be presumed that either the judge would direct the jury to give the verdict, or the jury would have given it, such defect, imperfection, or omission, is cured by the verdict at common law. (Gra. Prac. 525; Mackmurds v. Smith, 7 Term, 518; Ward v. Harris, 2 Bos. & Pul. 265—strong case; 1 Saund. 228, n. 1, and authorities therein cited; 1 Maul. & Sel. 237.)

IV. If, however, the adverse pleading expressly admit the fact which ought to have been stated in the defective pleading, and which is substantially incorrect in omitting it, the error becomes, it seems, immaterial. (1 Chit. 673; Brooke v. Brooke et al., Siderfin, 184, as long back as 16th year of Charles I.; United States v. Morris, 10 Wheat. 286; Zerger v. Sailor, 6 Bin. 24.)

V. A petition to be overthrown by a demurrer, under our practice act, must present such defects as are substantial in their nature and fatal in their character, so as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever. (Graham v. Canman, 6 Duer, 699; Gen. Mut. Ins. Co. v. Benson, id. 158.)

By our statute, no judgment upon verdict shall be reversed by reason of any defect or imperfection to which a demurrer would have been sustained. (R. C. 1256, 8th par. of 19th sec.)

*Edwards* and *Ewing*, for respondents.

I. Defendants were not bound to demur to plaintiffs' petition; and if said petition was demurable, the defendants had the right to move in arrest of judgment. If defendants did

not demur before the trial, they had no right to do so at the trial, and in that case would be bound to resort to their motion in arrest. (Bury v. The City of St. Louis, 12 Mo. 298; Mullen v. Pryor, 12 Mo. 307; Squire et al. v. Steamboat Indiana, 28 Mo. 335; 2 R. C. 1855, p. 1231, § 10; Andrews v. Lynch, 27 Mo. 167; Welch v. Bryan, 28 Mo. 30; Montgomery Co. Bank v. Albany City Bank, 3 Sel., N. Y., 464; Gould v. Glass, 19 Barb. 185.)

II. The plaintiff having failed to amend his petition, (the court having given him leave,) when the motion in arrest filed by defendants was sustained by the court, it is now too late to ask this court to reverse the judgment and grant him a new trial. (See Practice in Civil Cases, R. C. 1855, § 3, p. 1253: "The court may, at any time *before final judgment*," &c.)

III. The verdict for plaintiff did not cure the defects in his petition. (See authorities referred to under the first point.)

DRYDEN, Judge, delivered the opinion of the court.

The parties to this suit being owners, as partners, of a stock of goods at Granby, in Newton county, the defendants sold their interest in the concern, including the uncollected debts, to the plaintiff, in consideration, as it seems, of one thousand eight hundred dollars paid to the defendants, and of the agreement of the plaintiff *to pay the debts of the firm*.

The plaintiff charges that the defendants falsely and fraudulently represented to the plaintiff, at the time of the sale, that the firm debts did not exceed one thousand dollars, whereas, in fact, they amounted to three thousand dollars; and has brought this suit to recover damages for the fraud. The petition fails to show the obligation of the plaintiff to pay the firm debts, and so it does not appear that the plaintiff was in anywise injured by the alleged fraud.

The defendants answered separately. The sale of the goods and the obligation of the plaintiff, by the terms of the contract, to pay the firm debts, is expressly admitted by Roberts, but no such admission appears in the answer of Saunders. A

Frazer v. Roberts.

trial was had resulting in a verdict and judgment for the plaintiff. After an unsuccessful motion for a new trial, the defendants made a motion in arrest of judgment, which was sustained, based upon the omission in the petition already alluded to. The plaintiff refused to avail himself of leave to amend his petition, and the suit was dismissed, and he appealed to this court.

It is conceded by the appellant's counsel that the petition is defective, but he maintains that the fault is caused by the verdict.

"Nothing is to be presumed after verdict but what is expressly stated in the declaration, or necessarily implied from the facts which are stated." (2 Tidd's Prac. 919; 1 Durnf. & East. 145; 7 Durnf. & East. 521.)

The petition, for the want of the allegation that plaintiff was bound to pay the debts of the firm, shows no cause of action, and, since none is shown, none can be presumed to have been proven.

The doctrine that a defective petition is cured by verdict, has its foundation in the supposition that on the trial the plaintiff proved the fact insufficiently averred, and the existence of which is essential to his cause of action; but this presumption can never arise where the fact whose proof is to be presumed is not averred at all, because it is not fair to suppose either that the plaintiff would produce, or that the court would hear, proof of a fact not alleged. (2 Tidd's Pr. 919; 11 Wend. 374; Anderson v. Lynch, 27 Mo. 107; Welch v. Bryan, 28 Mo. 30; Syme v. Steamer Indiana, 28 Mo. 335.)

If the answer of both defendants had admitted the thing omitted to be alleged in the petition, we will not undertake to say whether it would not have aided the petition so as to sustain the judgment; but, as the admission was made by one only of the defendants, it could not have that effect. (10 Wheat. 286; 6 Binn. 24.)

The judgment of the Circuit Court must be affirmed. The other judges concur.