BURNS, Respondent, v. HAYDEN, Appellant.

1. Where it appears that at the time of a sale of an improvement upon the public lands the vendor was out of possession, and that the land had been previously entered by a third person, the vendee in an action for the price may set up these facts as showing a want of consideration.
2. Where erroneous instructions are given, the Supreme Court will reverse the judgment of the lower courts without regard to the number of new trials previously awarded. (Harrison v. Cachelin, 23 Mo. 117, affirmed.)

*Appeal from Polk Circuit Court.*

This suit was originally commenced before a justice of the peace, to recover the price of an improvement sold by Burns to Hayden. The case was appealed to the Circuit Court. The court refused the following instruction asked by the defendant: " If the jury believe from the evidence that the subject matter of this suit was for an improvement which Burns had made upon the public lands, and that after Burns made the improvement said Tipton entered said land with a land warrant, and while Tipton so owned the land Burns sold his claim to the improvement to the defendant and while Burns was out of possession, and there was no other consideration, they will find for the defendant." Exceptions were duly taken.

*Wright* and *Otter*, for appellant, cited 16 Mo. 317; 23 Mo. 70; Dale v. Darnes, 7 Mo. 544; Carson v. Clark, 1 Scam. 113; 1 Smith L. C. 169, notes; 5 Tyrw. Exch. 2; 2 H. Bl. 320; Jones v. Shaver, 6 Mo. 642; 7 Mass. 22.

*Napton*, for respondent, cited Stubblefield v. Branson, 302.

LEONARD, Judge, delivered the opinion of the court.

In the western states the possession of an improvement on the public domain may, we suppose, be considered a kind of squatter interest in the land—a subordinate species of property—held at the pleasure of the United States, and, to some extent, as between citizen and citizen, recognized and protected

by the law. It is a common subject of traffic among the people, and the sale and delivery of it constitutes a sufficient consideration for a promise to pay the price, which the courts have pretty uniformly enforced. (Clark v. Shutz, 4 Mo. 235; Freeman v. Holliday, 1 Morris., Iowa, 80; Doyle v. Knapp, 3 Scam. 337; Stubblefield v. Branson, 20 Mo. 302.) In the present case, however, there was proof to the effect that the seller was not in the possession of the improvement at the time of the sale, and that the land was then private property, having been previously entered by a third party; and the court, when asked to do so, refused to instruct the jury that the sale of the improvement, under such circumstances, would not entitle the plaintiff to recover the price. We think the instruction asked was right and ought to have been given. If the facts were as supposed in the instruction, there was no consideration whatever for the promise. The instruction assumed that the land was private property, and that the possession of the improvement was in a third party. If these were the circumstances, the transaction was void for want of something to constitute the object of the sale. Nothing passed between the parties. The seller parted with nothing, neither right nor possession, and the defendant acquired nothing. No detriment resulted to the plaintiff, and the defendant derived no advantage from it. In Stubblefield v. Branson, the plaintiff was in the possession of a field on public land, which he surrendered to the defendant as the consideration of the promise sued upon; but there was nothing of that kind here, if the facts stated in the instruction were true.

The record sufficiently shows that the court refused the instruction to which we have referred, and there is nothing in the objection suggested in reference to the second new trial. (Harrison v. Cachelin, 23 Mo. 125.)

Let the judgment be reversed, and the cause remanded.