WELCH, Respondent, v. BRYAN, Appellant.

1. An agreement to purchase an improvement on public land made before the entry of such land in the land office will, if entered into before the entry of the land, support an action; if such agreement be made after the entry of the land, it will be void for want of consideration.
2. Where no cause of action is stated in a petition, the defect will not be cured by verdict; the objection may be taken by motion in arrest of judgment.

*Appeal from Dent Circuit Court.*

*Pomeroy, Frazier & Waddell,* for appellants.

I. The court erred in overruling the demurrer and motion in arrest. There was no evidence of any contract between the parties. A promise to pay for improvements, made after the entry of the land, is a nullity.

*Wingo & Williams,* for respondent.

I. This court will not interfere with the verdicts of juries on the ground that they are against the weight of evidence. (24 Mo. 97; id. 216; 20 Mo. 312.)

RICHARDSON, Judge, delivered the opinion of the court.

The motion in arrest, in this case, presents the question, whether the petition was sufficient to support the judgment. It is stated in the petition that on or about the first of January, 1856, the plaintiff owned an improvement consisting of a dwelling-house, out-houses, and a field on a tract of land belonging to the United States; that the defendant entered

the land on the 18th January, 1856, and that the "defendant *at the time* of said purchase and divers times since did undertake and faithfully promise to pay said plaintiff what said improvements were reasonably worth," &c.

An agreement to purchase an improvement on public land before the land is entered will support an action ; (Burns v. Hayden, 24 Mo. 215 ;) but a promise made after the land is entered is void for want of consideration, and it was therefore necessary that the petition should state whether the agreement relied on was made before or after the land was purchased from the United States. The plaintiff of course knew, and, as it would have given him no trouble to have stated the time, there is no excuse for omitting an averment so material. The allegation that the promise was made *at the time* of the entry hardly means that it was made in the land office when the defendant was in the act of paying the purchase money and receiving the receiver's certificate, but the ordinary meaning of such language is that the contract was made about the time of the entry, either before or after, but whether at the one time or the other the plaintiff did not commit himself, and therein failed to state an essential fact to a right of action.

In determining motions of the kind, we must decide from the record only, and not from what took place at the trial ; and though we may presume, after verdict, that every thing was proved which the averments in the petition will warrant, we can presume nothing more, and we can not suppose that a cause of action was proved when none is stated. Where no cause of action is stated, the omission is not cured by verdict ; for as no right of action was necessary to be proved, it can not be presumed that it was proved at the trial. It would be absurd to permit a party to take a judgment when he has no cause of action, and such an objection is not waived by the failure of the defendant to demur ; for the statute, after stating the causes of demurrer, proceeds in the tenth section of the same article (R. C. 1855, p. 1231) to say, that, "if no such objection be taken by demurrer or answer, the defen-

dant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action."

The ninth clause of the 19th section (R. C. 1855, p. 1256) of the statute of jeofails, viz., "for omitting any allegation or averment without proving which the triers of the issue of fact ought not to have given such a verdict," is only a declaration of the common law that a verdict will aid a title defectively set out, but not a defective title. (2 Tidd's Practice, 919.) This rule is construed to mean that if a material fact, though not expressly stated, be necessarily implied from what is stated, the cause of action must be considered as only defectively stated and the defect will be cured by verdict; but if an essential fact to the plaintiff's right of action is neither expressly stated nor necessarily implied from facts which are stated, the declaration must be considered as defective and the judgment will be arrested. A verdict will not aid the want of consideration in the petition.

The motion in arrest ought to have been sustained; and the judgment will be reversed and the cause remanded with leave to the plaintiff to amend his petition; Judge Scott concurs. Judge Napton absent.