JAMES R. SHALER, Respondent, *v.* ABRAHAM S. VAN WORMER *et al.*, Appellants.

*Practice—Evidence.*—Exceptions to the admission of evidence must be taken at the trial when the evidence is offered, otherwise they will be considered as waived.

*Practice—Jeofails.*—If a matter material to the plaintiff's cause of action be not expressly averred in the petition, but be necessarily implied from what is expressly stated therein, the defect will be cured by verdict.

*Appeal from St. Louis Court of Common Pleas.*

*Voorhis*, for respondent.

*N. D. Strong*, for appellants.

DRYDEN, Judge, delivered the opinion of the court.

This was an action by the endorsee against the maker and endorser of a negotiable promissory note. The maker made default; Van Wormer, the endorser, answered, denying any knowledge or information sufficient to form a belief as to whether his co-defendant had made the note, or he himself had endorsed it, or as to whether the note had been presented, refused, protested, and notice given as charged in

the petition.   A trial was had, resulting in a verdict and judgment for the plaintiff, from which the defendant Van Wormer has appealed to this court, and has assigned for error, 1st, the refusal of the Common Pleas to grant him a new trial ; and 2d, its refusal to arrest the judgment.

1. The motion for new trial is based entirely on the supposed insufficiency of the certificate of protest as an instrument of evidence.   The fault complained of was, that the facts stated in the certificate were not verified by the affidavit of the notary.   Whether the affidavit accompanying the notary's certificate in this case applied to the facts stated in the certificate of protest, or whether such certificate needs to be verified by affidavit in order to be a fit instrument of evidence, we will not consider, for, in the present posture of the case, no question of the sort can properly arise.   If it be conceded that an affidavit in such case is requisite, yet it is but a test of the truth of the facts certified, preliminary to the introduction of the certificate in evidence, and which may be waived by the party against whom it is offered ; and if the want of the preliminary test is not objected to when the unverified document is offered, or in the progress of the trial, the objection ought to be considered as waived.   The rule here invoked is fitly illustrated by the case of a deposition read on a trial without previously accounting for the nonproduction of the witness.   In such case, if objection was not made when the deposition was offered, nor during the trial, it would hardly be pretended it would meet with favor afterwards.   And again, a party has the right to demand that before a witness offered against him delivers his testimony he shall be duly sworn.   But suppose, instead of insisting upon his right, he sits supinely by and allows the witness, unsworn, to bear evidence against him, would any court tolerate the objection made for the first time after verdict ?   In the case at bar, no objection was made to the evidence at the trial, nor was the one now urged made in the motion for a new trial, and it comes too late in this court.

2. The defendant Van Wormer moved in arrest, because

the petition failed to show a demand of payment of the maker of the note, and notice of nonpayment to the endorser. The petition for the causes assigned in the motion in arrest would have been adjudged bad on general demurrer, and the question now arises as to its efficiency, after verdict, to sustain the judgment. It does not follow, because a petition is defective and subject to a general demurrer, that it would be insufficient to sustain a judgment after verdict. The well settled rule in such cases is this: if a matter material to the plaintiff's cause of action be not expressly averred in the petition, but the same be necessarily implied from what is expressly stated therein, the defect is cured by verdict, the doctrine resting on the presumption that the plaintiff proved on the trial the fact insufficiently averred, the existence of which was essential to his right of action. (Rushton v. Aspinwall, 1 Sm. L. C., 4th Am. ed., 649, notes 654 t. p.; 2 Tidd's Pr. 919; 11 Wend. 374; 28 Mo. 30; 32 Mo. 457.)

In this case, neither demand nor notice is expressly averred, but both by clear implication. The petition, after the usual averments in regard to the making and endorsement of the note, proceeds thus: "At the maturity of said note, the same was duly presented for payment at the banking-house of said Tesson & Danjen, and payment thereof was refused; that thereupon said note was duly and legally protested for nonpayment, and that notice was duly and legally given of said protest to said Van Wormer." The averment "that payment was refused" presupposes a previous demand of payment. The word "refuse" signifies "to deny a request, demand, invitation, or command," and the proof of the refusal to pay necessarily involves the proof of a previous demand. And so as to notice. The allegation that the note had been protested for nonpayment, and "that notice had been given of said protest," implied that the note had been dishonored by nonpayment, (for there was no other reason for which it could have been protested,) and the proof, therefore, of the averment, that notice of protest

had been given, necessarily involved proof of notice of the nonpayment of the note. There is no error in the record.

Let the judgment of the Common Pleas be affirmed, with ten per cent. damages. The other judges concur.