JAMES S. MOORE v. DANIEL M. McINTOSH.

| 6 | 39 |
|---|---|
| 45 | 617 |

1. PRACTICE. Where the record is silent, no error will be presumed.

2. Where several issues are made up by the pleadings (the cause being tried by the court,) and the court is requested to make separate findings of the facts and the law, as contemplated by section 291, code of 1862, (section 290, code of 1868,) and where in such case there is no showing that any testimony was submitted on a part of said issue: *Held,* That in such case this court will not be able to say that the court below erred in not finding specially, except as to the issues upon which it appears testimony was offered.

3. CONTRACT—PROMISSORY NOTE: *When sale of "Homestead Claim" sufficient consideration.* Where a party having claims to a portion of the public lands under the Homestead Act, by reason of having complied with the provisions of said act, relinquished such claims to another party, and at the same time guarantied to such other party the right to a homestead upon such portion of the public lands, which it is shown was afterwards secured to such guarantee: *Held,* That such relinquishment and guaranty constituted a sufficient consideration for a note given in payment of such relinquishment and guaranty.

4. —— *Semble,* that such "guaranty" alone is a sufficient consideration.

*Error from Bourbon District Court.*

ACTION on a promissory note given by *Moore* to *McIntosh* and one Davenport. Suit was commenced before a justice of the peace, and removed to the district court by appeal. *Moore* answered, setting up several defenses

*first*, " a total want of consideration, in this, that said plaintiff and Davenport falsely pretended to this defendant that they had a good and valid claim, and a real and *bona fide* interest in and to a certain tract of land," (describing it ;) that they agreed to relinquish their said pretended rights to the defendant, and guaranty that he should enter into possession and acquire a homestead right to said land under the act of congress; that as a part of the transaction between the parties, plaintiff and Davenport executed and delivered to defendant a memorandum and guaranty as follows :

" We, the undersigned, guaranty to James S. Moore the right to a homestead on the (describing the land,) for the consideration of three hundred dollars, paid by two notes, one for $100, and one for $75, and $125 in certain personal property (describing it.) The condition of this guaranty is such, that if the said claim does not become subject to homestead, the notes and property to be returned to the said Moore."

The answer then alleged that said parties laid no legal right or claim to or in said land, and that no benefit had accrued to the defendant under the contract, and also, that said contract was illegal and void.

Said answer contained a *second* defense, alleging that the plaintiff " fraudulently, deceitfully and corruptly " pretended that he was the owner of a claim, etc., and that the defendant was deceived, and relying upon such representations defendant entered into the contract. A *third* defense alleged fraud and duress. The plaintiff replied.

The case was tried by the court. One of the findings was, that, "at and before the time of the execution of said note and guaranty, the plaintiff and said Davenport claimed rights to and in said lands, under and in pursuance of the act of Congress entitled ' an act to secure

homesteads to actual settlers on the public domain,' approved May 20, 1862; and it doth not appear but that said McIntosh or said Davenport had complied with said act of Congress so as to be entitled to said land under the same." The court also found that there were certain improvements on said land, which were claimed by the plaintiff and Davenport; that the defendant was well acquainted with the land, and with the nature and character of plaintiff's claim; that after "frequent interviews and negotiations," the parties made the contract whereby plaintiff and Davenport were to relinquish their "claim," and defendant was to move upon the land, "and homestead it"—the defendant to pay three hundred dollars, and the others to guaranty to defendant the right to acquire the land under the "homestead act;" that defendant did move upon the land, had filed his "statement," and acquired title to the land under the homestead act, without hindrance or contest. The record does not show that any testimony was offered in support of the second and third defenses; and the court made no finding in respect to them. Judgment was given for the plaintiff, and the defendant brings the case here on error.

*M. V. Voss* and *A. Danford*, for plaintiff in error:

1. The court erred in not finding upon all the issues.

2. The contract between the parties is in violation of the act of congress, and the note given by plaintiff in error is void.

3. If McIntosh and Davenport had any legal right to the land, or to the possession, they abandoned that right by their contract of sale; and the contract being void, Moore's peaceable entry and possession, as upon vacant

public lands, was lawful, and he acquired title under the laws of congress, and not in virtue of any contract between himself and McIntosh; and it follows, that there is a total failure of consideration.

*W. C. Webb*, for defendant in error:

1. No fraud, no duress, was shown or attempted to be shown; and the court, in the absence of all proof, could not make any findings on the bare issues of fact as joined by the pleadings.

2. The contract between the parties was a fair business transaction. McIntosh and Davenport had a *claim* of some kind to the land; they owned certain improvements upon said land; Moore wished to acquire whatever rights they had, and obtain such possession as would enable him to secure the title without trouble and without contest. They surrendered all rights and all claims of their own, and "guarantied" to Moore that he should have no opposition and no contest from any source, in consideration of which surrender and guaranty Moore agreed to pay them three hundred dollars. There was no deception; no imposition. He contracted with full knowledge of all the facts. They surrendered a claim which they might have prosecuted to a perfect title; he obtained, and now enjoys, all the benefits of his contract, and yet asks the law to aid in his refusal to pay according to his contract. The law does not sanction such an outrageous proceeding.

The opinion of the court was delivered by

SAFFORD, J.: This was an action upon an ordinary promissory note, and the questions here presented, involve to some extent a consideration of the answer of the defendant, and the facts relating

1. PRACTICE: Silence of the record no proof of error.

thereto, which appear to have been found by the court. Several defenses were interposed, but of these, it will be necessary to call attention to the first only, and that is the plea of a want of consideration. The other defenses are to be laid out of the case, for the reason, that there are no findings in respect thereof, and there is no showing that any testimony relative thereto was introduced on the trial below. This last not appearing, this court *2. And the court cannot presume error from such silence.* is unable to say that the court trying the cause failed of any duty by reason of not finding upon the whole case, as made upon the issues joined and the testimony taken together. If no evidence applicable to any particular defense was offered, it is hardly necessary to say, that all that could have been done by the court was to declare that such defense had not been sustained, and this could as well be drawn from the conclusions which were stated.

II.  The judgment below was for the plaintiff—thus denying the defense first above referred to. It appears *3 CONTRACT. Relinquishment of a "claim" is a sufficient consideration.* from the findings of the facts of the case, that the transaction in respect of which the note sued upon was given, was concerning the transfer of the possession and occupancy of a certain portion of the public lands, upon which the plaintiff below and another party had claims under the law commonly known as the "Homestead Act." It is not shown just what acts were done by them as furnishing a foundation for their said claims, though "it does not appear but what they (or one of them) had complied with the said act, so as to be entitled to the land under it." There had been placed upon the said land a log dwelling-house, and the only inference that can be reasonably drawn from the case stated is, that it was put there by these

parties, and was in their possession at the date of the negotiations between them and the defendant; and to this effect must have been the conclusions of the court. It further appears that they relinquished their claims, whatever they were, to the said defendant, (now plaintiff in error,) who went into possession; and in doing so, they guarantied the right of a homestead upon said land to said party. This right, the case shows, was secured as contemplated by the contracting parties, and without any interference or trouble from or by any person. It seems to be unnecessary to inquire as to the point made for the plaintiff here, that there was in the transaction stated an attempted "sale of a homestead right," which would be void under the laws applicable to such right; because, if there were, there was yet enough (outside of such right) which was evidently the subject of contract between the parties, and as it is believed lawfully so, to furnish a good consideration for the promise to pay. The possession of the land and the house situate thereon, (which for aught that appears may have been worth all that was agreed to be paid by the purchaser,) was acquired by Moore pursuant to the agreements of the parties, and was vested in said purchaser, as has been already remarked. And that such possession, and the right thereof, was and would be a lawful subject of contract and sale—chap. 39, Comp. L. 1862; and chap. 21, section 9, Gen'l St. 1868. This of course is upon the supposition that no fraud intervened in the premises; and fraud, as has been seen, does not figure as a question in the case here. Fraud is not to be presumed, but must always be shown.

III. But the right to occupy the house and premises, which passed from the plaintiff below and his co-con-

James S. Moore v. Daniel M. McIntosh.

[4] A "guaranty" is also a sufficient consideration. tractor to the defendant, was not all the consideration moving from the said parties to the said defendant. They guarantied to him over and beyond such right, *the right to a homestead* on the same premises. This guaranty was certainly of some value to the guarantee, and he evidently was of a like opinion when he secured it; and the presumption would be deducible from the facts found that, if such guaranty had not been given, and if they who gave it, had not acted in accordance therewith, at least to the extent of their own claims upon the possession named, the said guarantee might not have been able to secure any right whatever to the land. In this view of the transaction there seems to be ample foundation for the application of the principles that an inconvenience or loss on the one side and a corresponding benefit on the other, appearing to have resulted to the parties respectively, it is a sufficient showing that there was at least not an entire failure of consideration. It seems to us that in view of all the facts of the case, there was a good consideration for the note in question, and hence that the decision of the court below should be sustained.

It may also be remarked before leaving the case that the courts of Missouri have, in instances like the present, held a similar doctrine to that above expressed, and have gone even further. 20 Mo., 302; 24 Mo., 216; 28 Mo., 30.

The judgment is affirmed.

All the justices concurring.