## GEORGE F. BELL v. WM. J. PARKS.

CONTRACT; GOVERNMENT LANDS; *Sale of Improvements, and Possession; Consideration.* Where it appears that P. was an actual settler on a quarter-section of the Sac-and-Fox lands, and had made improvements thereon; that by treaty between the government and the Sac-and-Fox Indians these lands were subject to preëmption by actual settlers, and that P. and B. made a contract whereby, in consideration of $1,500 cash and a note for $500, P. executed a quitclaim deed of all his right, title and interest in said premises, and delivered the possession of the same with the improvements to B., *held,* that in the absence of any fraud or deception there was no failure of the consideration of the note, although the improvements were not worth over $700—although the title to the land continued to remain in the government.

*Error from Osage District Court.*

AT the November Term 1875 of the district court, *Parks* recovered judgment against *Bell* and another, on a promissory note dated 26th September, 1872. .*Bell* appeals, and brings the case here on error.

*Rogers & Sanford,* for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: Action on a promissory note. Defense, failure of consideration, and counterclaim. A demurrer to the answer was sustained, and this is the alleged error. The allegations of the answer were, that Parks was residing on a quarter-section of the Sac-and-Fox lands; that shortly after the note and deed hereinafter referred to, by treaty between the United States and the Sac-and-Fox Indians these lands became subject to preëmption by actual settlers; that Parks quitclaimed all his right, title and interest in said lands to Bell for $2,000, of which $1,500 were paid in cash, and for the balance the note in controversy given; that the value of all improvements, including buildings, fences, breaking, growing crops, etc., on the lands, was not to exceed $700, and that the remainder of said $2,000 was given for the pretended title of Parks; that the title was and still is in the government of the United States, and that Parks had no other right, title or interest in said lands than such as he had acquired by settling thereon, and that he had no right to sell or dispose of any interest therein over and above the improvements.

Was the demurrer rightfully sustained? We think so. It is not claimed that there was any fraud or deception. Parks made no misrepresentations as to the extent of his title and interest. Bell knew exactly what he was buying. Their contract was based upon full knowledge by each. Parks had some interest in the premises, as the statute says he may lawfully contract to sell. He had such an interest in the improvements, and also had actual and lawful possession, and

11—18 KAS.

the exclusive right to purchase the land. This interest he sold and conveyed to Bell. Bell agreed to pay $2,000. therefor; and whether he paid too much or too little is entirely immaterial. As there is no allegation to the contrary, it must be presumed that possession was delivered, and that he received therefore all that he bargained for. The contract was not illegal, nor against public policy. And he must abide by his contract. *Moore v. McIntosh*, 6 Kas. 39, is in point rather than *Vickroy v. Pratt*, 7 Kas. 238, or *Brewster v. Madden*, 15 Kas. 249.

The judgment will be affirmed.

All the Justices concurring.