WEIL V. GREENE COUNTY, *Appellant.*

1. **Practice**: SERVICE OF SUMMONS UPON COUNTY. The mode of service of a summons upon a county is prescribed by Wag. Stat., § 6, p. 408, and is exclusive. No copy of the petition is required to be served with the writ, as in ordinary cases.

2. **Pleading**: ACTION ON COUNTY BONDS: REQUISITES OF PETITION. In an action on bonds issued to pay a subscription by a county to a railroad company every essential element of the power given to the county to make such a subscription, must be stated in the petition·

3. ———: FAILURE TO STATE CAUSE OF ACTION FATAL. The failure in a petition to state facts sufficient to constitute a cause of action, is radical and incurable. It is not helped by the statute of jeofails, a judgment by default or a failure to take advantage of it in the court below.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

Action commenced in the Greene county circuit court on ninety interest coupons for $40 each, on bonds issued by R. P. Matthews and Ralph Walker, judges of said Greene county court, to the Hannibal & St. Joseph Railroad Company, to aid in building a railroad through Greene county. The original petition was filed October 15th, 1875, and a writ of summons issued in the usual form and returned as follows:

Executed the within writ in Greene county by delivering a copy of this writ to James D. Van Bibber, county clerk of Greene county, Missouri, and clerk of the county court of said county.

Done this the 16th day of October, 1875.

C. B. OWEN, Sheriff.

Serving writ $1.00.

The amended petition, filed November 3rd, 1875, contained ninety counts, each of which was in the following form, except as the number of the bond and coupon, and time when the same became due, viz.:

"And for cause of action the plaintiff states that heretofore, to-wit, on the 1st day of August, A. D. 1871, the defendant, by its certain writing obligatory, called bond No. 309, sealed with its corporate seal and signed by R. P. Matthews and Ralph Walker, the then justices of the county court of said Greene county, and attested by A. Demuth, the then clerk of said county court, and dated the year and day aforesaid, and now here shown to the court, acknowledged itself indebted and bound unto the Hannibal & St. Joseph Railroad Company, or bearer, in the sum of $1,000, which sum the said county of Greene thereby promised to pay to said company, or bearer, at the National Park Bank, in the City of New York, twenty years after the date thereof, together with interest thereon from the date thereof, at the rate of eight per cent. per annum, which interest should be paid semi-annually on the presentation and delivery at said bank of the coupons thereto severally subjoined until the payment in full of said principal sum; said bond being issued under and pursuant to an order of the county court of Greene county, State of Missouri, to aid in building a railroad through said county and in accordance with an act of the Legislature of the State of Missouri, entitled "An act to incorporate the Kansas City, Galveston & Lake Superior Railroad Company," approved February 9th, 1857, and "An act to amend an act entitled 'An act to incorporate the Kansas City, Galveston & Lake Superior Railroad Company,' approved February 9th, 1857, and for other purposes," approved February 13th, 1864, and also an act entitled "An act to aid in the building of branch railroads in the State of Missouri," approved March 21st, 1868, as is therein fully recited.

"And plaintiff states that defendant, by its certain interest coupon No. 3, signed by Jared E. Smith, the then treasurer of said Greene county, and dated at Springfield, Greene county, Missouri, on the 1st day of August, 1871, detached from said bond and herewith filed, acknowledged to owe the sum of $40, payable to bearer on the 1st day of

February, 1873, being the interest due on said bond No. 309 for $1,000, which coupon was made payable at the National Park Bank in the city of New York, and State of New York, and that the plaintiff is the owner, holder and bearer of said interest coupon, which was at maturity presented at the said National Park Bank and payment demanded, which was refused, and the same remains wholly due and unpaid, and which coupon is herewith filed, and for which, with interest at the rate of six per cent. since the 1st day of February, 1873, plaintiff demands judgment."

The defendant not appearing, judgment was entered by default on the 2nd day of December, 1875, for $3,929.40, the amount of the said coupons and interest. On the same day the defendant filed a motion to set aside the judgment so entered, which was overruled, and an appeal granted.

*C. W. Thrasher* and *H. C. Young* for appellant.

*John O'Day* for respondent.

SHERWOOD, C. J.—We think the service in this case sufficient. The statute provides that : " When any action 1. PRACTICE: service of summons upon county. shall be commenced against any county, a copy of the original summons shall be left with the clerk of the county court fifteen days at least before the return day thereof." 1 Wag. Stat., § 6, p. 408. The statute elsewhere provides how a summons shall be served. 2 Wag. Stat., § 7, 1007. But in the same section it is stated that the method mentioned therein shall be pursued, " *except as otherwise provided by law.*" The law, as above seen, *has* " otherwise provided," and that special manner of service must be regarded as *exclusive*, since there can be no doubt of the power of the Legislature to regulate the service of process. Whether the law, respecting the particular way of serving process on counties, is a wise one, is a matter not of judicial concern. It is not a little singular, however, that the prosecuting attorney, even if

he had doubts as to the sufficiency of the service, should have concluded to run the risk of the service being valid. The much safer course for him to have pursued, was to have entered his appearance and made a defense, if he had one on which he could have relied.

We are next to consider the sufficiency of the petition. It is stated in each count of that pleading, that on the 1st day of August, 1871, by its writing obligatory, or bond, the county acknowledged itself indebted and bound unto the Hannibal & St. Joseph Railroad Company, or bearer, in the sum of $1,000, which sum the said county promised to pay said company, or bearer, at, &c., " said bond being issued under, and pursuant to, an order of the county court of Greene county, State of Missouri, to aid in building a railroad through said county, and in accordance with an act of the Legislature of the State of Missouri, entitled ' An act to incorporate the Kansas City, Galveston & Lake Superior Railroad Company,' approved February 9th, 1857, and ' An act to amend an act entitled an act to incorporate the Kansas City, Galveston & Lake Superior Railroad Company, approved February 9th, 1857, and for other purposes,' approved February 13th, 1864, and also ' an act to aid in the building of branch railroads in the State of Missouri,' approved March 21st, 1868." But there is nothing in the petition showing any connection between the Hannibal & St. Joseph Railroad Company and the railroad to be built, nor what railroad it was, nor that Greene county had ever subscribed to the stock of the company named, or, indeed, to the stock of any railroad company whatsoever.

Unless the county had subscribed to the stock of the Hannibal & St. Joseph Railroad Company, and that company had accepted the subscription thus made, the county court would certainly have no authority to acknowledge an indebtedness on behalf of the county to that company, nor to issue bonds to such company; for until both a subscription by the county and its acceptance by the company

2. PLEADING: action on county bonds: requisites of petition.

occur, there is no contract. *Nugent v. Supervisors*, 19 Wall. 241 ; *Aspinwall v. Commissioners of Daviess Co.*, 22 How. (U. S.) 379. And as no connection between that company and the alleged railroad was stated in the petition, and, therefore, cannot be presumed to exist, it was clearly incompetent for Greene county to issue bonds to that company in order to aid in the construction of an independent road ; a road to which the county had never subscribed or promised any aid whatever. One railroad company cannot accept subscriptions or receive bonds issued for the benefit of another railroad company, (*The State ex rel. Wilson v. Garroutte*, 67 Mo. 445) ; and this is especially true where no connection between the two, by reason of consolidation, or otherwise exists.

Besides, the petition on its face shows the alleged order was made pursuant to the act of March 21st, 1868, as well as pursuant to the other acts mentioned. If so, then in addition to the other objections already urged, a vote of the people of the county was an indispensable prerequisite to the validity of a subscription, (67 Mo., *supra*) ; but, as above seen, neither vote by the people, subscription by the county nor acceptance by the Hannibal & St. Joseph Company, are alleged in the petition.

A subscription, when made by a county court to the capital stock of a railroad company, being in derogation of common law and common right; being hedged about on all sides with limitations, conditions and restrictions; being, in short, the exercise of a special statutory power, it would seem quite obvious that every essential element of such power must be plainly set forth in the pleading which seeks a recovery on paper, the necessary result of the exercise of such special and limited power, or else such pleading must needs be confessedly and radically defective. In consequence of the foregoing views, we must hold that the petition in the present instance does not state facts sufficient to constitute a cause of action.

But notwithstanding such serious defect, it is strenuously insisted that the matter is cured by the failure of de-

3. ——: failure to state cause of action fatal.

fendant's motion to call attention to the defect, by reason of the judgment by default, and because of the wondrous curative powers of the statute of jeofails. 2 Wag. Stat., § 19, p. 1036. That statute, taken literally, it must be confessed, is very broad; but it was certainly never designed to dispense with the statement of facts sufficient to constitute a cause of action; otherwise, that provision of another statute, (2 Wag. Stat., § 10, p. 1015,) specifying that a party shall not be deemed to have waived the statement of facts sufficient to constitute a cause of action, would possess neither meaning nor importance, as a verdict or judgment by default would cure that defect, as well as the other exception mentioned in the statute, that the court had no jurisdiction over the subject matter of the action. None of the cases cited for plaintiff were those where the petition failed to "state facts sufficient to constitute a cause of action." Where such a failure occurs, it is as fatal as the lack of jurisdiction over the subject matter of the action, and, like that, may be taken advantage of, either in the lower court, or here, though no attention was called to the matter in the lower court. In his recent work on code pleading, Judge Bliss takes the same view of the subject, saying, with regard to the waiving or curing of defects: "This doctrine cannot, of course, apply to those which are *radical* in their character. A party, by not raising the objection, cannot give a court jurisdiction over matters where it is forbidden by law; nor will a judgment be rendered or be allowed to stand, when it is clear from the statement of the party that he is not entitled to it. Hence, the limitation of the doctrine confining it to formal defects." Bliss Code Plead., § 435. "A failure to state facts which show that the contract in suit was a valid one, as founded on a sufficient consideration, is a radical defect, and is not cured." Ib., § 442.

In *Frazer v. Roberts*, 32 Mo. 457, it is held that a defective averment may be cured by verdict; but where an averment necessary to authorize · a recovery is entirely omitted in the pleading, the defect is not cured. And it was held in *Welch v. Bryan*, 28 Mo. 30, that the ninth clause of the 19th section of the statute of jeofails, concerning the omission of any allegation, &c., without proving which the triers of the issue of fact ought not to have given such a verdict, "is only a declaration of the common law, that a verdict will aid a title defectively set out, but not a defective title." No motion in arrest was made in the *State to use v. Matson*, 38 Mo. 489, and yet the judgment was reversed upon the sole ground that the petition, lacking substantial averment, was so defective as to be incapable of supporting a judgment. So, also, where the petition did not state facts sufficient to constitute a cause of action, the judgment was reversed, though some of the matters passed upon by this court were not included in the motion in arrest and to set aside the judgment. *Jones v. Tuller*, 38 Mo. 363. And in the case of the *State ex rel. v. Griffith*, 63 Mo. 545, it was ruled that though no exceptions were taken to the sufficiency of the petition in the court below, still if that pleading set forth no cause of action, the insufficiency would be considered here. And the principle to be deduced from the more recent case of *Sweet v. Maupin*, 65 Mo. 65, is that even in the absence of appropriate motions, we will review defects apparent on the face of the record, where the same are *fatal* in their character.

Here, as above seen, the petition in question, not only fails to allege a valid contract between the defendant and the Hannibal & St. Joseph Railroad Company, but fails to allege any contract whatever, or any consideration whatever for the issue of the bonds to that company; thus bringing the case fully within the principle announced by Judge Bliss, § 442, *supra*. The result is, that the judgment should be reversed and the cause remanded. All concur

except Judge NAPTON, who dissents.    Judge HOUGH concurs in reversing the judgment, being of the opinion that the petition is good and the service bad.

REVERSED.