THE STATE *ex rel.* PEMISCOT COUNTY, *Plaintiff in Error*, v. SCOTT *et al.*

DIVISION ONE.

1. **Petition for Review**: APPEARANCE. A petition for review of a judgment, under the act of 1883, amending section 3684, Revised Statutes, 1879 (Laws 1883, p. 125), *providing for such review where a defendant has not been summoned as required by law or shall not have appeared to the suit, will not lie where the record shows that the defendant did appear to the suit.*

The State ex rel. Pemiscot Co. v. Scott.

2. **Practice : DEFECTS IN RECORD PROPER.** Defects of a fatal character appearing upon the face of the record proper will be reviewed in the supreme court, even in the absence of a motion for a new trial or in arrest of judgment.

3. **Official Bond : ERASURE OF NAME OF SURETY : SPOLIATION.** The mutilation of the official bond of a county officer by the fraudulent erasure of a name of a surety, after the bond had been signed, delivered and approved by the county court, will constitute no defense to a suit on the bond, since the erasure could not be made by the county, and if made by the surety himself, some county officer, or any third person, it would be only spoliation and would not affect the validity of the bond nor relieve the principal or any surely from liability thereon.

*Appeal from Pemiscot Circuit Court.*—Hon. John D. Foster, Judge.

Reversed.

*Chas. P. & J. D. Johnson* for plaintiff in error.

(1) The defendants having appeared by attorney at the return term, they waived all informalities in the service and return of the writ of summons. *Bartlett v. McDaniel*, 3 Mo. 55 ; *Lindell v. Bank*, 4 Mo. 228 ; *Griffin v. Samuel*, 6 Mo. 50 ; *Evans v. King*, 7 Mo. 411 ; *Hembree v. Campbell*, 8 Mo. 572 ; *Phillebart v. Evans*, 25 Mo. 323 ; *Schell v. Leland*, 45 Mo. 293 ; *Miller v. McCoy*, 50 Mo. 15. (2) The final judgment in favor of the plaintiff in error, rendered at the September term, 1884, was regular in all respects, and, being so, cannot be set aside on motion of the defendants filed after the lapse of the term at which it was rendered. R. S. 1879, sec. 3684 ; Laws, 1883, p. 125 ; *Hyatt v. Wolfe*, 22 Mo. App. 191 ; *Harbor v. Pacific*, 32 Mo. 425 ; *Ashby v. Glasgow*, 7 Mo. 320 ; *Hill v. City*, 20 Mo. 584 ; *Brewer v. Dinwiddie*, 25 Mo. 351 ; *Phillips v. Evans*, 64 Mo. 22 ; *Jones v. Hart*, 60 Mo. 352. (3) The record shows that there was personal service of summons in the case upon all of the defendants ; that

the defendants entered their appearance by attorney, and that the final judgment in favor of the plaintiff in error was rendered by "agreement and consent." Defendants in error, in their so-called "bill in review," tacitly admit that they appeared by attorney, as the judgment recites, but that they did not agree or consent to the rendering of the judgment; as they appeared by attorney they were bound by his acts in the premises. *Barlow v. Steel*, 65 Mo. 611; *Railroad v. Stephens*, 36 Mo. 150; *Davis v. Hall*, 90 Mo. 660; *Franklin v. Ins. Co.*, 43 Mo. 491; *Tuppery v. Hertung*, 46 Mo. 136; *Tippack v. Briant*, 63 Mo. 581; *Bradley v. Welch*, 100 Mo. 262; *Gehrke v. Jod*, 59 Mo. 528; *Austin v. Nelson*, 11 Mo. 192; *Kerby v. Chadwell*, 10 Mo. 393. (4) The order made by the court at the November term, 1885, setting aside the judgment originally rendered in favor of plaintiff, and the judgment entered in favor of the defendants at the May adjourned term, 1866, should be set aside by this court, and the original judgment rendered in favor of plaintiff at the September term, 1884, should be reinstated by this court. *Hill v. City*, 20 Mo. 584; *Harbor v. Pacific*, 32 Mo. 425; *Jones v. Hart*, 60 Mo. 352.

*D. H. McIntyre* for defendants in error.

(1) The petition for review, as it is called, and the affidavit to the same, alleged that the securities did not consent to the entry of the judgment of September 13, 1884; plaintiffs' answer denied the allegations of this petition. The court granted the petition of the securities; the judgment does not recite, nor does the record show, upon what particular grounds, but it will be presumed that the court found good and sufficient grounds to base its action upon. *Long v. Long*, 96 Mo. 180; *Overholt v. Vieths*, 93 Mo. 422. (2) The record shows that the securities deny that they agreed to the entry of the first judgment; and this denial implies also a denial

that the attorney had authority to appear for them ; they, therefore, did not appear to the action, and in consequence had a right to set aside that judgment at the next term of the court, even if they had been summoned under article 4, of chapter 33, section 2217, Revised Statutes, 1889. (3) Setting aside a judgment by default is a matter resting very largely in the discretion of the trial court; and appellate courts are not inclined to interfere with the exercise of this discretion. Freeman on Judgments [3 Ed.] sec. 541 ; *Kribben v. Eckelkamp*, 34 Mo. 480 ; *O'Fallen v. Davis*, 38 Mo. 269 ; *Adams v. Hickman*, 43 Mo. 168 ; *Griffien v. Veil*, 56 Mo. 310 ; *Tucker v. Ins. Co.*, 63 Mo. 588 ; *Judah v. Hogan*, 67 Mo. 252. (4) The defendants were securities on a collector's bond; as such, their undertaking should receive a strict interpretation, their liability must be strictly made out, and they have the right to stand upon the very terms of their contract. *Blair v. Ins. Co.*, 10 Mo. 560 ; *State v. McGonigle*, 101 Mo. 353.

BLACK, J.—This is a suit brought by the county of Pemiscot on the official bond given by the defendant Scott, as collector of that county ; the other twelve defendants are his sureties on the bond.

The county obtained judgment at the September term, 1884, of the circuit court, which was the return term of the writ. The judgment contains this recital : " Now at this day come the parties by attorney, and by agreement and consent judgment is rendered against the defendants, in the sum of $1,536.21."

Nothing further was done until the May term, 1885, at which time eleven of the defendant sureties filed a petition in the cause, called a " bill in review," praying that the judgment be set aside and for leave to answer. This petition for review states that, while the judgment contains a recital that it was entered by the consent and agreement of the defendants, " in truth and in fact these sureties made no such agreement and gave no such consent

as specified in such judgment;'' that petitioners are advised the judgment should have been simply an interlocutory one at that, the return, term; that the coroner's service of summons is illegal in that it does not show which defendant was first served with a copy of the writ and petition, and does not show that a copy of the writ was delivered to a member of the family of one of the defendants, whose name is stated; and that they have a meritorious defense in this, that the county court, after the bond had been approved, and without their consent, released one of the sureties. The county filed an answer, and the circuit court at the November term, 1885, set aside the judgment before entered, and gave defendants leave to answer, and accordingly they filed answer to the original petition.

A trial was had in July, 1886, which resulted in a judgment for the defendants declaring the bond '' utterly null, void and of no force and effect.'' This judgment, or rather decree, is based upon a finding of the court therein recited that the bond '' was, after its approval, mutilated, defaced and tampered with by the fraudulent erasure of the name of William Wilks, who had signed said bond, as one of the sureties.'' The county, it seems, filed motions for new trial and in arrest in due time, which were overruled, but filed no bill of exceptions. The case is now before us on writ of error.

1. The petition for a review must have been filed and sustained on the supposition that section 3684, Revised Statutes, 1879, as amended in 1883 (Laws of 1883, p. 125), applies to cases like the one in hand. That section provides for a review, upon a petition filed for that purpose, where there has been a final judgment against a defendant, '' who shall not have been summoned, as required by this chapter, or who shall not have appeared to the suit,'' etc. The record before us does not contain a copy of the return made by the coroner to the writ of summons, so that we have no means of knowing whether the return is good or bad. For all the purposes of this

The State ex rel. Pemiscot Co. v. Scott.

case we shall assume that the service was and is defect-ive. But the record shows that defendants appeared to the suit, and a petition for review cannot be sustained in any case where the defendant appeared, either in person or by attorney, no matter what may be the merits of his defense. *Campbell v. Garton*, 29 Mo. 343; *Tennison v. Tennison*, 49 Mo. 110.

The defendants, it is true, say in their petition for review, they did not consent or agree that the judgment should be rendered against them, but they do not dis-pute the fact that they appeared by attorney. The language used in their petition amounts to an admission that they did thus appear. The statute in question affords the defendant an opportunity to make defense where he has been served with constructive notice, as in case of newspaper publication, and did not appear to the suit (*Jones v. Driskill*, 94 Mo. 190); and in such cases the judgment may be opened upon a proper showing, though the judgment and all prior proceedings are regu-lar. But it was never the intention of the statute to substitute a petition for review for a motion to set aside a judgment for irregularity. No such motion was filed in this case, and the question whether such a motion should be sustained is not before us on this record. The petition for a review utterly fails to disclose a case enti-tling the petitioners to the relief awarded. Indeed, the facts stated show affirmatively that the petitioners were not entitled to have any relief under the section of the statutes before mentioned. And this we are able to say from the record proper. Defects of a fatal character appearing upon the face of the record proper will be reviewed by this court even in the absence of a motion for new trial, or in arrest. *Sweet v. Maupin*, 65 Mo. 65; *Weil v. Greene Co.*, 69 Mo. 286; *McIntire v. McIn-tire*, 80 Mo. 470.

On the facts as they are found in the final judgment of the circuit court there is no merit whatever in the defense interposed by the sureties. From these findings

The State ex rel. Pemiscot Co. v. Scott.

it appears that the bond was duly delivered and approved by the county court. After it had been approved it was mutilated, defaced and tampered with by the fraudulent erasure of the name of one of the sureties. It is true it does not appear by whom this erasure was made ; but it could not have been made by the county. It must have been made by the surety or some county officer, or some third person. Such conduct on the part of the surety would not release him from liability on the bond. The alteration of a bond by an officer who is by law simply the custodian of it will not affect its validity. The mutilation of an official bond by such an officer or by any third person is spoliation and nothing more, and does not relieve the principal or any surety from liability thereon to the county. *State v. McGonigle*, 101 Mo. 353, and cases cited.

The order of the circuit court made at the November term, 1885, setting aside the former judgment in favor of the county and the subsequent judgment in favor of the defendants are reversed. The petition for review is dismissed, and the judgment first rendered in favor of the county is reinstated. All concur, except BARCLAY, J., who dissents.

### SEPARATE OPINION.

BARCLAY, J.—My dissent relates to some of the points of practice involved. They appear of importance enough to justify a few words of comment.

The action is an ordinary one on an official bond. The last judgment of the circuit court was in favor of defendants. The plaintiff then moved for new trial and in arrest, but the motions were overruled. What they contained we know not, or whether any exception was taken to the final disposition of them. There is no bill of exceptions preserving them or any of the evidence at any of the hearings.

The opinion of the majority of this division reviews the record proper and reverses the last judgment,

because the so-called " bill in review" ( upon which the first judgment was. vacated ) is considered insufficient. It is held that it does not state facts sufficient to warrant. the trial court in setting aside the original judgment for plaintiff.

The " bill in review" was filed in a subsequent term to that at which the first judgment was entered. It was essentially a new proceeding, the object of which was to get rid of the prior adjudication. It was met by an "answer" on the part of the county. A hearing followed, and the relief asked in the " bill" was granted. No motion to set aside that result was made, or excep- tion taken.

After the first judgment was thus opened, the orig- inal cause proceeded. The defendants answered the petition, and, on issues so made, a trial was had and the last judgment in the case reached. That conclusion is to be reversed, for the reasons assigned by my learned associate. Without adverting to any other questions that may suggest themselves, it seems to me that the ruling announced is a misinterpretation of the law in regard to the proper functions of this court.

In a case like this, our jurisdiction is strictly appel- late; under the constitution. If the trial court had jurisdiction to render the judgment it assumed to pro- nounce, this court should not, in a civil case, reverse its action upon any point not brought to the attention of that court. This seems to me the plain meaning and, certainly, the spirit of the code of civil practice. R. S. 1889, secs. 2302, 2114.

In criminal cases the range of review may be some- what wider. R. S. 1889, sec. 4297. We need not digress to state the reasons for this difference as we are concerned now with the practice in civil cases only.

That a pleading does not state facts sufficient to constitute a cause of action or defense should not, in my opinion, be regarded as a ground for reversal,

unless the point was made in the trial court and erroneously ruled there.

It may be that the facts, omitted in the pleading, were supplied by evidence, admitted without objection at the trial. If so, the failure to allege them could not possibly constitute an error to the prejudice of the substantial rights of the adverse party. R. S. 1889, secs. 2100, 2303.

If facts, not at first alleged, were thus proven, it would be entirely proper for the trial court to allow them to be added to the pleading by amendment at the hearing under our statute of jeofails. R. S. 1889, secs. 2098, 2014. But if the adverse party, expressly, or by a course of conduct at the trial, waived the necessity of such an amendment, would it be just to hear him, on appeal, to urge that, without the amendment, the pleading is radically defective?

It has been sometimes remarked that errors on the face of the record proper are reviewable here without a bill of exceptions. That notion is traceable to impressions derived from a study of the ancient practice at common law; but, as above expressed, the statement is far too sweeping as applied to civil actions under our code. Some errors, no doubt (as, for example, those involving a total want of power to pronounce the judgment given), may be rectified, on appeal or error, without motions or exceptions in the trial court; but many cases demonstrate that every error in the record proper is not necessarily a ground for reversal.

Even under the English practice it was said that "a writ of error lies for some error or defect in substance that is not aided, *amendable* or *cured* at common law, *or by some of the statutes of amendments or jeofails.*" 2 Tidd's Prac. [3 Am. Ed.] p. 1136.

The want of a material averment in a pleading, if filled, for instance, by admission of the fact by the adversary at the trial, or by uncontested proof there, is

surely amendable ( as has been already shown ) under our statutes, and, hence, would not form a proper subject for a reversal even upon common-law principles.

The Missouri precedents to the same general purport need not all be cited. A few will be mentioned to indicate their drift.

It has been held that a failure to reply to an affirmative answer does not warrant reversal where the case has been tried as though a reply were in. See cases cited in *Reed v. Bott* ( 1889 ), 100 Mo., at page 69.

And in cases where essential amendments to pleadings were permitted at the trial, but never, in fact, were made, though the proceedings went on without objection, it has been ruled, on appeal, that the incomplete state of the issues gave no good cause to reverse. *Merrill v. St. Louis* ( 1884 ), 83 Mo. 244; *Young v. Glascock* ( 1883 ), 79 Mo. 574.

But suppose such a case came here on the record proper, showing a judgment unsupported by a paper issue, would it not be quite as correct to reverse for that reason as in the case at bar ? If the absence of a paper basis for a judgment is immaterial in the one instance, why not in the other ?

This court has held that a general verdict, in a case presenting several distinct causes of action, furnished no reason for a reversal where the error was not called to the notice of the trial court by timely motion. *Sweet v. Maupin* ( 1877 ), 65 Mo. 65; *Henry v. Lowe* ( 1880 ), 73 Mo. 98.

The theory of our procedure is to require parties to develop their legal positions fully in the court of first instance, and every reasonable intendment is usually made to support the action of the latter. In my opinion the insufficiency of a pleading to support a judgment, which such court had power to render, should be no basis for a reversal here unless distinctly made a point of objection there.

This view of the proper scope of appellate review prevails in New York state under a code which ours resembles. *Delaney v. Brett* (1872), 71 N. Y. 78.

The success of the reform in pleading and practice, which our code of civil procedure was intended to secure, must depend, in great measure, on the interpretation which the courts give to its provisions. They should be read and applied in the spirit in which they were framed and which finds, perhaps, its most terse expression in section 2117 ( R. S. 1889 ). It does not seem to me in harmony with that spirit to reverse the judgment of a court, having full jurisdiction to act in the premises, for reasons which may never have been suggested to that court. The code has always appeared to me designed to dispense with such unpleasant surprises to litigants in an appellate court.

It is a matter of regret to me that my brethren hold a different opinion. But my convictions on the subject are so firmly grounded that it has seemed proper to thus express them.