MAGGIE MUNCHOW, Respondent, v. FRANK MUNCHOW, Appellant.

| 96 | 553 |
|-----|------|
| 100 | ¹440 |

**St. Louis Court of Appeals, November 11, 1902.**

1. **Pleading: DEMURRER: ISSUE: VERDICT: COMMON LAW: PROOF: PRACTICE, TRIAL.** Defects and omissions in a pleading which would have been fatal on demurrer, are cured by verdict at common law if the issue tried was such that it must have required proof of the fact defectively stated or omitted, to authorize the verdict.

2. **Petition: ALLEGATIONS.** This rule is construed in this State and elsewhere to mean that the allegations contained in the pleading must raise a fair inference that the fact omitted or defectively stated, existed.

3. ———: ———: **AVERMENTS: INFERENCE: PLEADINGS: JUDGMENTS.** Unless such inference can be drawn by necessary intendment from the averments made, the objection that the pleading fails to state a cause of action may be raised after judgment and even on appeal, though no motion in arrest was filed.

4. **Husband and Wife: ABANDONMENT: PETITION, SUFFICIENCY OF: CAUSE OF ACTION.** *Held,* that a petition which alleged that plaintiff and defendant were husband and wife and had lived together as such for more than two years, during all of which time plaintiff faithfully demeaned herself and treated the defendant with kindness and affection and that the defendant, wholly disregarding his duty as plaintiff's husband, willfully and maliciously abandoned her and has ever since refused to provide for

and maintain her, by a reasonable interpretation authorizes the inference that defendant abandoned the plaintiff without good cause, and a judgment for plaintiff will not be reversed when no point was made about the sufficiency of the petition below on the ground that it failed to state a cause of action.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*Anthony Hochderfer* and *Bass & Brock* for appellant.

(1) The words "without good cause" are an essential averment in the petition, without which no cause of action for abandonment is stated whether the case be civil or criminal in its nature. State v. Satchwell, 68 Mo. App. 39; State v. Link, 68 Mo. App. 161; State v. Brinkman, 40 Mo. App. 284. (2) Civil cases under that clause in the divorce statutes which provides for a divorce when there has been an absenting "without reasonable cause" for one whole year, and under the statute for maintenance involved in case at bar. Stokes v. Stokes, 1 Mo. 320; Yallaly v. Yallaly, 39 Mo. 490; Hoffman v. Hoffman, 43 Mo. 547. (3) An essential and fatal defect in a petition is not cured by judgment or verdict and is never waived. Sec. 602, R. S. 1899; Story v. Ins. Co., 61 Mo. App. 534; Staley House Furnishing Co. v. Wallace, 21 Mo. App. 128. It is the well-settled law that the omission of an essential averment in the statement of a cause of action may be taken advantage of for the first time on appeal and, in such a case, the petition does not support the judgment. Smith v. Burrus, 106 Mo. 94; Bateson v. Clark, 37 Mo. 31; Worthington v. Railway, 72 Mo. App. 162.

*Martin & Young* for respondent.

GOODE, J.—A judgment was entered in this ac-

tion by the circuit court that the defendant pay to plaintiff thirty dollars by April 1, 1902, and ten dollars per month thereafter until further ordered by the court, and that he give bond for the faithful performance of his duty in the sum of five hundred dollars. This was on a petition charging the defendant with abandoning plaintiff and refusing to provide for and maintain her, to which petition an answer was filed, admitting the marriage of the parties, but denying all the other allegations.

Only the record proper was brought up and that without a motion for a new trial or in arrest of judgment having been filed, appellant's contention being that the petition omitted an essential allegation, to-wit: that his abandonment of the plaintiff was without good cause, on account of which admission it is insisted the judgment must be reversed.

Judgments as to what defects and omissions of a pleading will be fatal after verdict and what are cured thereby, have never been harmonious either in England or the United States.

There are English cases holding that an entire failure to state, even defectively, a fact necessary to the plaintiff's recovery is aided by verdict; while others hold that the defect is only cured if the fact can be gathered by fair intendment from other allegations contained in the pleading.   1 Chitty's Pleadings, 795.

A like diversity of opinion appears in the American cases; some holding that if a fact necessary to recovery is entirely omitted, the judgment may stand, as it may be presumed to have been proved at the trial as indispensable to the decision given (Stanley v. Whipple, 2 McLean 35; Brent's Excrs. v. Bank, 1 Peters loc. cit. 93), while others hold that the omission is fatal if it is one of substance.   Garland v. Davis, 45 U. S. loc. cit. 131.

The decisions in Missouri exhibit the same discrepancy, some of the earlier treating the omission as cured by verdict if the omitted averment was of a fact which must have been proven to authorize the

judgment (Frost v. Prior, 7 Mo. 314; Palmer v. Hunter, 8 Mo. 572; Stephens v. Frampton, 29 Mo. 263; Richardson v. Farmer, 36 Mo. 36), but it is now the settled rule in this State that the omission to state a fact which is essential to plaintiff's right of recovery, is fatal after judgment, provided the omission is total; that is, if by any fair construction of the allegations an inference can not be drawn that the necessary fact existed; and this on the theory that while it is presumed all essential facts were proven, no fact wholly unalleged could rightly be proven and, hence, can not be presumed to have been. Welch v. Bryan, 28 Mo. 30; Shaler v. Van Wormer, 33 Mo. 386; State v. Sullivan County, 51 Mo. 522; Frazer v. Roberts, 32 Mo. 457.

Nor is it necessary that a motion in arrest be filed in order to raise the question on appeal. Weil v. Greene County, 69 Mo. 281; State ex rel. v. Scott, 104 Mo. 26; Lilly v. Menke, 126 Mo. 190; McIntire v. McIntire, 80 Mo. 470.

The law on the subject in this State has been influenced by the construction given the section of the code which provides that an objection to the petition on account of the insufficiency of the facts alleged to constitute a cause of action, shall not be deemed waived because not taken by either demurrer or answer. R. S. 1899, sec. 602; Welch v. Bryan, supra. By virtue of that section and also of the one (sec. 866) requiring the supreme and appellate courts to examine the record of an appealed cause and award a new trial, reverse or affirm the judgment of the circuit court, or give such judgment as it ought to have given, the rule has been prescribed that errors patent on the face of the record proper may be examined though no motion in arrest was filed, and the judgment reversed if any of a fatal character be shown; and the failure to state facts in the petition sufficient to constitute a cause of action is held fatal. Weil v. Greene County, McIntire v. McIntyre, State ex rel. v. Scott, Lilly v. Menke, supra.

In this way the eighth and ninth clauses of our

statute enacted to cure errors of procedure (R. S. 1899, sec. 672), which prescribe that after verdict in any cause the judgment shall not be set aside or impaired for the want of any allegation or averment on account of which omission a demurrer could have been maintained, or for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict, have been construed to have a much narrower meaning than their words import; and whether that construction has turned out to be useful or detrimental, it has passed into a fixed rule of practice.

We are forced then to inquire whether it is a just implication from the contents of plaintiff's petition that defendant abandoned her without good cause. In doing this, we shall decline to take as technical a view of the averments made as we would were the pleading an indictment instead of a petition, though appellant insists on that course being followed. But both by the statutes regulating practice in criminal cases and the decisions construing them, as well as by immemorial law, greater strictness of averment is required in criminal than in civil pleadings.

The petition does not formally state that defendant's abandonment was without good cause; but it does aver plaintiff had faithfully demeaned herself as his wife and at all times treated him with kindness and affection, and that the defendant, wholly disregarding his duty as her husband, willfully and maliciously abandoned her, and has ever since refused to provide for and maintain her although able to do so.

The existence of a cause which would have justified the defendant in abandoning the plaintiff, if her conduct was as alleged, is hardly conceivable, especially, as according to the petition, they had lived together for about two years when the abandonment occurred; nor is it easy to discern how an abandonment for good cause could consist with the act being malicious. We think the inference is unavoidable from the allegations made, that defendant abandoned the

plaintiff without good cause and without any cause except his wish to dwell apart from her and be relieved of the burden of her support. Any fair-minded reader, not influenced by his training to take a technical view of language, would never think of drawing a different conclusion.

Without quoting from them, we will cite some cases in which the averments made, less cogently supported the inference of an omitted fact than do the averments in this petition, but were, nevertheless, held to sufficiently imply such fact to uphold a judgment. Roper v. Clay, 18 Mo. 383; Shaler v. Van Wormer, 33 Mo. supra; Jones v. Louderman, 39 Mo. 287; Falls v. Daily, 74 Mo. 74; Cobb v. Lindell Railway, 149 Mo. 135; Heman v. Allen, 156 Mo. 534; Buck v. Railway, 46 Mo. App. (K. C.) 555; Murphy v. Ins. Co., 70 Mo. App. (K. C.) 78.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.