## WELLS v. COVENANT MUTUAL BENEFIT ASSOCIATION OF ILLINOIS, *Appellant*.

### Division Two, February 12, 1895.

1. **Contract**: INSANE PERSON: GUARDIANSHIP. A contract entered into by an insane person who has not been placed under guardianship is not void, but only voidable, and, if made in good faith and no advantage has been taken of the insane party, such contract will be upheld.

2. **Deed**: INSANE PERSON: GUARDIANSHIP. A deed of an insane person under guardianship is absolutely void.

3. **Benevolent Association**: CERTIFICATE OF MEMBERSHIP: RESCISSION OF SURRENDER: MENTAL CAPACITY: PETITION. The plaintiff, a beneficiary in a certificate of membership in a benevolent association, brought suit for the amount thereof, claiming that the member, who had surrendered it in his lifetime for a valuable consideration, was insane at the time of the surrender. *Held*, that, such member not being at the time under guardianship, the petition was fatally defective in not averring that plaintiff was willing to pay all assessments due and to refund the consideration received by the deceased.

4. ———: ———: ———: ———. The omission of such material averments is not cured by verdict.

5. ———: CERTIFICATE OF MEMBERSHIP, SURRENDER OF: BENEFICIARY. The beneficiary in a certificate of membership in a benevolent association, the constitution of which provides that its members may surrender their certificates, has no vested interest which prevents the member from surrendering it.

6. ———: ———: ———: When the member is entitled to avoid a surrender of the certificate on account of mental incapacity, the beneficiary on his death may avoid it on the same conditions.

7. **Practice:** PETITION: STIPULATION. A stipulation by the parties as to the issues in a case does not waive the question of the sufficiency of the petition.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

The second count of the petition fails to state facts sufficient to constitute a cause of action at law, or in equity. Julia Wells had no vested interest in the benefit certificate and Hasten Wells had the right at any time to either surrender the certificate or to change the beneficiary. *Coleman v. Knights, etc.,* 18 Mo. App. 189; *Conclave v. Capella,* 41 Fed. Rep. 1; *Masonic Ass'n v. Burkhart,* 11 N. E. Rep. 449; *Lamont v. Hotel,* 16 R. L. J. 696; *Bloomington v. Blue,* 11 N. E. Rep. (Ill.) 331. (2) The bare fact that a party is insane will not authorize the cancellation of his contract and is no defense to its enforcement. *Alexander v. Railroad,* 54 Mo. App. 66, and cases cited. (3) The petition is lacking in essential averments; plaintiff does not offer to restore the money paid Hasten Wells and to place the association *in statu quo.* Where a cause of action can not be gleaned from a petition, advantage of that fact can be taken for the first time on appeal. *Andrews v. Lynch,* 27 Mo. 169; *State v. Ross,* 25 S. W. Rep. 952. (4) Opinions of expert medical witnesses as to mental capacity are entitled to but little weight as against proof of facts showing mental capacity. *Bailey v. McGough,* 151 Ill. 11; *Blount v. Spratt,* 20 S. W. Rep. (Mo.) 968. When parties can not be placed

*in statu quo*, equity will not interfere to set aside a contract. 1 Story's Equity Jur., sec. 228. A contract executed by a person *non compos mentis*, and not under guardianship, is not absolutely void, it is voidable. *Tolsom v. Garner*, 15 Mo. 494, and the numerous decisions cited by Judge BIGGS in *Girard case*, 46 Mo. App. 116.

*D. P. Dyer* for respondent.

(1) 'The appellant will be held to the issues tried in the lower court. The supreme court of this state has uniformly held that a point not raised in the trial court will not be considered by it. *Claflin v. Silvester*, 99 Mo. 276; *Mfg Co. v. Nelson*, 100 Mo. 325; *Nall v. Railroad*, 97 Mo. 68. (2) This court has also held that the cause here must be reviewed on the theory upon which it was tried in the court below. *Harris v. Hays*, 53 Mo. 90; *Bettes v. Magoon*, 85 Mo. 580; *Bray v. Seligman*, 75 Mo. 31; *Whitstone v. Shaw*, 70 Mo. 575; *Walker v. Owen*, 79 Mo. 563. (3) The evidence supports the finding of the trial court, shows that Hasten Wells was stricken with paralysis in November, 1890, and up to his death was practically without any mind at all.

BURGESS, J.—On the twenty-second day of August, 1879, defendant was, and ever since that time has been, a benevolent society, duly incorporated under the laws of the state of Illinois, its object and business being to afford financial aid and assistance to the widows, orphans, heirs or devisees of deceased members, or to totally disabled members. On that day it issued to plaintiff's husband, Hasten Wells, since deceased, a certificate of membership in said association, which it is alleged by plaintiff, his widow, was conditioned that,

upon the death of her said husband, the defendant would cause an assessment to be made on all of the members of said defendant association, for an amount sufficient to pay, as a benefit to plaintiff, the sum of $5,000, upon the death of her said husband. Hasten Wells died in St. Louis, Missouri, on the twenty-fifth day of November, 1892.

On January 22, 1892, for and in consideration of the sum of $1,050 paid to him by defendant, he surrendered his certificate of membership in said association, and in writing released it from all liability on account of said certificate. On securing the money he took it home, threw $1,000 of it in the lap of the plaintiff and told her upon what account he had received it, when she refused to accept it or to have anything to do with it. The remaining $50 he retained. The $1,000 lay around the house from the time it was taken there by deceased, no part of it being used, until after his death, when it was used to defray his funeral expenses, and for the use of the family.

Defendant having refused to pay plaintiff the amount claimed by her to be due on the certificate of membership, she instituted this suit. There were two counts in the petition. The first was abandoned upon the trial, and the second is as follows:

"Plaintiff, for another and further cause of action against the defendant, states that, on the twenty-second day of January, 1892, Hasten Wells was a member of the defendant association, and, as such, held a certificate of membership issued by the said defendant; that said certificate (a copy of which is herewith filed and made an exhibit to this petition and marked Exhibit A) was conditioned that upon the death of the said Hasten Wells, the said defendant would cause an assessment to be made on all of the members of said defendant association, for an amount sufficient to pay, as a

benefit to the plaintiff, the sum of $5,000. Plaintiff states that on the said twenty-second day of January, 1892, the said Hasten Wells was a member of said defendant association, and the certificate theretofore issued to him as aforesaid was in full force and effect.

"Plaintiff states that on the said twenty-second day of January, 1892, the said Hasten Wells was sick in both body and mind, and by reason thereof was incapable of making and entering into a valid contract; that on the said twenty-second day of January, 1892, the defendant, through its servants and agents, obtained from the said Hasten Wells, his signature to a paper (indorsed on the back of said certificate), in words and figures as follows, to wit:

"'St. Louis, Mo., January 22, 1892.

"'Received of the Covenant Mutual Benefit Association of Illinois ten hundred and fifty dollars, in full of all claims, under and to the within certificate of membership number 4141, on the, my life, of Hasten Wells, and hereby surrendering all my right, title and interest, under and to the same, and releasing said association from all liability; also warranting and defending said payment against any and all claims whomsoever.'

"Plaintiff states that at the time the said Hasten Wells signed said paper, and surrendered said certificate, he was incapable of making a valid and binding contract by reason of his unsoundness of mind, and that said pretended contract obtained by the defendant as aforesaid is, and of right should be held to be, of no binding force and effect.

"Plaintiff states that the defendant hath refused, and still refuses, to cause an assessment to be made on the members of said association for the purpose of paying to plaintiff, as the beneficiary in said certificate, the sum of $5,000, as became its duty so to do upon the death of the said Hasten Wells, which occurred on the

twenty-fifth day of November, 1892, and of which fact the defendant was duly notified.

"The premises considered, the plaintiff says she is entitled to recover of the defendant the sum of $5,000, for which amount, with interest and costs, she prays judgment."

Defendant in its answer admits the membership of deceased in the association, its refusal to cause an assessment to be made on the members of said association for the purpose of paying to plaintiff the sum of $5,000 or any other sum, and admits its incorporation, but denies all other material allegations in the petition, and avers that it is a benevolent society duly incorporated. It then alleges that by the by-laws of said association any member may withdraw therefrom by returning his or her certificate, and paying whatever may be due the association, and thereby forfeit all claims against the same. And that on the twenty-second day of January, 1892, said Hasten Wells did, for and in consideration of the sum of $1,050, paid to him by defendant, surrender said certificate and release defendant from any liability thereon.

To the new matter set up in the answer plaintiff made reply, denying all allegations contained therein. The trial resulted in a judgment for plaintiff in the sum of $4,057.62, and defendant appealed.

It is insisted by defendant that the judgment should be reversed. *First,* because the petition fails to state facts sufficient to constitute a cause of action; and, *second,* because there is no evidence to support the finding and judgment.

At the trial it was orally agreed between counsel for plaintiff and defendant as follows:

"Mr. Dyer: It is agreed between us that there are but two questions arising upon these pleadings for trial and disposition by the court, one in the first count

and the other under the second count in the petition; in the first count, the question being whether the surrender, as set forth in the petition on the policy, and as also set forth in the answer, had the effect to deprive the plaintiff in this suit of all interest in the policy; in other words, whether this paper signed by Hasten Wells had the effect to deprive the widow of any right she might have in this policy. The second question on the second count, is as to the capability of Hasten Wells— whether at the time he signed this contract or relinquishment, as set forth by the plaintiff in the petition and by defendant in the answer—whether at that time Hasten Wells was in a condition of mind sufficiently sound to enable him to make a valid and binding contract. Your Honor will see that at the death of the member it became necessary to levy an assessment; not only to levy an assessment but to make proof of loss—that is, proof of the death, and for the association to levy an assessment upon all its members. Those questions are out of this case as submitted to your Honor, and there are two questions only. We have tried to limit it down to the real question at issue in this case. I will first read the stipulation in reference to the assessment," etc.

It was also stipulated in writing as follows:

"It is hereby agreed that if an assessment had been levied by the defendant upon all of its members holding certificates at the time of the death of Hasten Wells for the full amount named in their respective certificates, or if the assessment had been levied ratably according to the certificate held by each such member for an aggregate amount not less than the sum of $5,000, the sum so collected in either case on such assessment, after the deduction of all expenses and collection costs, would have amounted to $5,000."

By section 10, article 8, of the constitution and

by-laws of the association, it is provided that "any member may withdraw from the association by notifying the secretary in writing, returning his or her certificate, and paying whatever may be due the association; but shall thereby forfeit all claims to the funds of the association, as well as any amount he or she may have contributed thereto." By virtue of a provision of the certificate of membership, this section of the by-laws is indorsed thereon, and becomes a part of the certificate of membership. It thus seems clear that Wells had the right to surrender his certificate, and to contract to do so for a moneyed consideration, and that the contract should be upheld, unless he was at the time insane, or so sick in body and mind as to render him incapable of entering into such a contract, and, by reason thereof, it was voidable at the pleasure and will of the beneficiaries in the certificate.

Unless an insane person has been placed under guardianship, a contract entered into by such person is not absolutely void, but only voidable, and if made in good faith, and no advantage has been taken, it will be upheld. "And so if a purchase is made in good faith, without any knowledge of the incapacity, and no advantage has been taken of the party, courts of equity will not interfere to set aside the contract if injustice will thereby be done to the other side, and the parties can not be placed *in statu quo*, or in the state in which they were before the purchase." 1 Story's Equity Jurisprudence [13 Ed.], p. 242. It may be stated as a general rule that, in order to justify setting aside a contract of an insane person, not under guardianship, on the ground of insanity, it must appear that the contract was made with the knowledge of such incapacity, or such information with respect thereto as would put a prudent person to the belief of the incapacity. *Matthiessen, etc., Co. v. McMahon's Adm'r*, 9 Vroom, 536;

*Bank v. Moore*, 78 Pa. St. 407. But the deed of such person after being placed under guardianship will be absolutely void. *Rannells v. Gerner*, 80 Mo. 474, and authorities cited.

As the petition in this case contains no averment that Hasten Wells, at the time of the execution and surrender of the certificate of membership, was insane and under guardianship, it should have alleged a willingness upon the part of plaintiff to pay all premiums due by Wells at the time of his decease and to refund to defendant the money received by her husband and herself upon the surrender of his certificate of membership in the defendant association, which we think necessary in order to state a good cause of action, and that the judgment should be reversed, because of its failure to do so, unless the defects in the petition were waived by defendant by virtue of said oral agreement and stipulation, or were cured by the finding and judgment of the court.

Such defects are not cured by verdict. *Bank v. Franklin County*, 65 Mo. 105; *Inhabitants v. Williams*, 53 Mo. 141; *Frazer v. Roberts*, 32 Mo. 457; *Jones v. Tuller*, 38 Mo. 363. It is only in case that a material averment is defectively stated in the petition, and not where it is wholly wanting or omitted, that the defect is cured by verdict.

That plaintiff had no vested interest or property in the certificate at the time of its surrender by her husband, but simply an expectancy which might have been divested by her husband by surrendering it, seems well settled law. It was so held by this court in *Masonic, etc., Ass'n v. Bunch*, 109 Mo. 560, after an exhaustive review of all the authorities.

But the question here is one of contract, an agreement to surrender the certificate for a sum paid, which depended for its validity upon its fairness, and the

mental capacity of Hasten Wells at the time. If he was not possessed of mental capacity to enter into the contract, then he might have avoided it during his lifetime and had it set aside upon that ground, within reasonable time after entering into it, by a proceeding in equity offering to pay all premiums due and to refund the money received in consideration for the surrender of the certificate; and after his death, the beneficiaries, by reason thereof, became invested with the same right and possessed of the same remedies that he was possessed of during his lifetime. If the contract was voidable as to Hasten Wells it was likewise voidable as to the beneficiaries. *Colby v. Life, etc., Co.*, 59 N. W. Rep. 539.

It is contended by plaintiff that all questions as to the sufficiency of the petition were waived by the oral agreement hereinbefore set out, by which it was agreed that the question in the second count was as to the capacity of Hasten Wells at the time he signed the contract of relinquishment, and whether he was in a condition of mind sufficiently sound to enable him to make a valid and binding contract. But we are unable to see the force of this contention. There was nothing whatever said in the agreement as to the sufficiency of the petition, and even if there had been it would have availed nothing, for the reason that the sufficiency of the petition is a question of law, as to which no valid agreement could have been made. *Edmonson v. Phillips*, 73 Mo. 63.

There was ample evidence to support the judgment of the court upon the issue of mental incapacity of Hasten Wells at the time that he surrendered his certificate of membership to the defendant association, which also tended to show that it had knowledge thereof at that time. Because of the failure of the

petition to state a good cause of action, the judgment is reversed and the cause remanded.   All of this division concur.