GRIMM, Appellant, v. BARRINGTON, Garnishee of
RYAN, Respondent.

St. Louis Court of Appeals, December 27, 1904.

1. **RES JUDICATA: Issues Embraced: Cancellation of Contract.**
The plaintiff in the former suit had entered into a written con-
tract with the defendant whereby the defendant was to render
certain services for the plaintiff for a compensation named. The
suit was brought by the plaintiff to rescind the contract on the
ground that it was obtained by fraud. Defendant's answer
alleged that he had performed meritorious services under the
contract for which the plaintiff refused to compensate him.
The court granted the relief prayed in the petition, cancelling
the contract without a requirement that plaintiff should com-
pensate the defendant for the alleged services rendered or put
him *in statu quo*. *Held,* that the decision embraced the issue
whether the plaintiff owed the defendant anything, since the
relief could not properly have been granted otherwise.

2. ————: **Foreign Courts Versus Domestic Courts.** Where, in an
action by attachment and garnishment, on the issue between
the plaintiff and the garnishee as to whether the garnishee
owed the defendant, the evidence showed a former judgment
in this State determining that the garnishee did not owe the
defendant and also a judgment in the State of New Jersey,
subsequently rendered, which determined the garnishee did owe
the defendant, the former judgment of the court in this State
was properly taken as determining the issue.

3. ————: ————: **Comity.** Neither the federal constitution nor
comity required the court in this State, before whom the pro-
ceeding was pending, to accept the foreign decision on the
identical issue which had been previously adjudicated here.

4. ————: ————: **Same Issue Pending in Foreign Court.** Al-
though the attachment and garnishment proceeding was pend-
ing before the action in New Jersey was determined, it was
not incumbent upon the garnishee to plead the garnishment
in defense of the New Jersey suit for the purpose of having
that suit await the issue of the garnishment. She had a right
to assume that there would be no judgment against her in
this garnishment proceeding, since there had been a previous
judgment determining that she owed nothing, and the gar-
nishment proceeding would have been no defense to the action
in New Jersey unless there was danger of such a judgment.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*F. H. Sullivan* for appellant.

(1)   The facts alleged show a liability on the part of garnishee for the services rendered, which plaintiff might enforce against her directly in an action on an implied contract.   Painter v. Ritchie, 43 Mo. App. 111; Jackson v. Clopton, 66 Ala. 29.   (2)   Moreover, plaintiff had a lien upon the policy, receipts and other papers in his custody for his services, and was wrongfully deprived of his lien by garnishee.   People v. Pack, 115 Mich. 669; Massachusetts v. Gillis, 48 Fed. 145; Harwood v. LaGrange, 139 N. Y. 540; Smith v. Goode, 29 Ga. 185.   (3)   Garnishee having put Ryan in possession of the contract, policy and papers, representing that he had a third interest in the policy, and having on the strength thereof secured and knowingly accepted plaintiff's services, should be and is in law estopped to deny, as far as plaintiff is concerned, her liability to Ryan, either on the written contract or on an implied contract, to the extent of the reasonable value of plaintiff's services.   Painter v. Ritchie, 43 Mo. App. 111; Taylor v. Saugrain, 1 Mo. App. 312; Saving Assn. v. Hehlor, 7 Mo. App. 158; Skinner v. Stuose, 4 Mo. 93; Lee v. Turner, 89 Mo. 494, 14 S. W. 505; Thompson v. Longan, 42 Mo. App. 146; Dymock v. Railroad, 54 Mo. App. 400; Gas Co. v. St. Louis, 46 Mo. 121; Chouteau v. Goddin, 39 Mo. 229; Camp v. Railroad, 62 Mo. App. 88; Shea v. Shea, 154 Mo. 600, 55 S. W. 869; Stubbs v. Mulholland, 168 Mo. 80, 67 S. W. 650; Cornwall v. Ganser, 85 Mo. App. 684.   When respondent repudiated her contract with Ryan, on account of alleged deceit in its procurement, there arose an implied contract on her part to pay him the reasonable value of such services

as he had rendered or procured to be rendered under the contract. Anstee v. Ober, 26 Mo. App. 672. The suit in the circuit court of St. Louis of Barrington v. Ryan did not involve, nor did the judgment determine the right of Ryan to recover on an implied contract for services rendered. Dickey v. Heim, 48 Mo. App. 120; Mason v. Summers, 24 Mo. App. 174. (4) The judgment of the St. Louis circuit court was pleaded in the New Jersey case in bar of Ryan's right to recover, and the judgment of that court in his favor is the last, and therefore constitutes the final adjudication, even if the question has been previously determined in the St. Louis circuit court. Van Vleet on Final Adjudication, p. 91; Bateman v. Railroad, 91 Mich. 441; Cooley v. Brayton, 16 Iowa 10; Varney v. White, 46 Mo. 139; Destrahan v. Scudder, 11 Mo. 490; Rees v. Butler, 18 Mo. 173; Hamill v. Talbot, 72 Mo. App. 31; Judson v. Young, 90 Mo. App. 505. (5) The judgment of the New Jersey court establishes the fact that on the day appellant sued out his attachment and caused notice of garnishment to be served on respondent, she was indebted to the principal defendant in the sum of $1,000, and this adjudication is conclusive between the parties here. Nilke v. Boldridge, 43 Mo. App. 333; Scarritt v. Moser, 48 Mo. App. 543. (6) The pendency of an action, whether at home or abroad, to recover the demand, does not prevent its garnishment, if at the time the writ is served the garnishee has the opportunity to plead his garnishment in the court in which he is being sued for the demand. Minor v. Coal Co., 25 Mo. App. 78; Howland v. Railroad, 134 Mo. 474; Railroad v. Flanagan, 75 S. W. 691; Ins. Co. v. Mfg. Co., 40 L. R. A. 239. (7) The fact that in the New Jersey case an attachment was sued out in aid of the action, could not affect appellant's right to garnish the debt there sued for. Tufts v. Volkenning, 51 Mo. App. 7; Railroad v. Whitney, 39 Ala. 468.

*James W. Boyd* and *John H. Boogher* for respondent.

GOODE, J.—On July 5, 1898, appellant commenced his suit by attachment, in the St. Louis circuit court, against William F. Ryan, and on July 6, 1898, had respondent duly served as garnishee. The attachment was sustained and judgment was rendered in appellant's favor, on February 25, 1901, against Ryan for $305.40. On October 4, 1898, interrogatories to the respondent were filed to which she filed answer denying any indebtedness to Ryan. An amended denial and a reply thereto were subsequently filed. The facts, as developed at the trial on the issues as made by the amended denial of appellant and the reply thereto filed by respondent, are substantially as follows:

In 1898, the respondent held some policies of insurance on the life of her husband, who had recently died. One of these, for $5,000, had been issued by the Mutual Benefit Life Insurance Company of New Jersey. In May, 1898, Ryan called on respondent at her home in St. Joseph, Missouri, and represented himself as an insurance expert having offices at Kansas City and St. Louis, and induced the respondent to employ him to collect her insurance policies, assuring her that he would employ the services of appellant as attorney to assist him, and induce her to deliver the policy of the New Jersey Insurance Company to him and to sign and deliver to him the following contract:

"St. Joseph, Missouri, May 24, 1898.

"In consideration of services to be rendered by William F. Ryan, in securing payment to me of any and all sums due me by any and all insurance companies, I agree to pay him one-third or thirty-three and one-third per cent of all amounts recovered by him for me, or recovered by me through his assistance.

"It is understood and agreed that I am to incur no expense whatever except the one-third, as above stated.

"MRS. ALMEDIA BARRINGTON."

Ryan took this policy to St. Louis and delivered it to the appellant, exhibited to him the contract he had procured from Mrs. Barrington, and engaged his professional services to aid in the collection of the policy. Appellant was entirely ignorant of the representations made by Ryan to Mrs. Barrington to procure the contract, and in good faith rendered services looking to the collection of the policy. For these services the judgment in his favor for $305.40 was rendered.

It does not appear that the insurance company contested the payment of the policy. It furnished Mrs. Barrington blank proofs of loss, after which her son came to St. Louis and, under pretense of wanting to see the policy, got possession of it and retained it. Mrs. Barrington notified Ryan that she repudiated the contract of May 24th and on September 7, 1898, began suit against Ryan in the St. Louis circuit court to set aside the contract, on the ground that it had been obtained by deceit and false and fraudulent representations. Ryan in his answer, among other things, set up that he had rendered services under the contract. The cause was tried in the circuit court on June 25, 1899, and resulted in a judgment for Mrs. Barrington, setting aside the contract on the ground alleged in the petition. The judgment also, in pursuance of an allegation and prayer in the petition, restrained Ryan perpetually from making further use of the contract, and from instituting and prosecuting, or continuing the prosecution of any suit on the contract against Mrs. Barrington. Ryan appealed from this judgment to this court, where on March 26, 1901, the judgment was affirmed. Barrington v. Ryan, 88 Mo. App. 85.

On July 5, 1898, Ryan began his suit of attachment against Mrs. Barrington, in Essex county, New Jersey,

and had the Mutual Benefit Life Insurance Company summoned as garnishee. The second count of his declaration (on which the cause was tried) is as follows:

"And for further count the said plaintiff says that the said defendant was indebted to the plaintiff in the sum of three thousand dollars for work and labor done and performed by the plaintiff for the defendant at her request, and in the sum of three thousand dollars for money paid by the plaintiff for the use of the defendant at her request, and in the sum of three thousand dollars for interest on moneys forborne by the defendant to the plaintiff at her request, and being so indebted the defendant promised the plaintiff to pay him the said several sums of three thousand dollars when she should be thereunto afterwards requested, and although often requested the defendant has neglected and refused and still does neglect and refuse to pay the plaintiff the said several sums of three thousand dollars, or any part thereof, to his damage of three thousand dollars."

The averments of this count were put in issue by appropriate pleas.

On August 16, 1901, the cause was tried in the New Jersey court resulting in a judgment in Ryan's favor for $1,000. No appeal was taken by Mrs. Barrington, and on February 26, 1902, the insurance company paid the judgment and costs, aggregating $1,076.82, a *scire facias* having been issued against it for this amount, but it appears no formal judgment was entered against the insurance company as garnishee.

The first count of Ryan's declaration filed in the New Jersey court, counted on the contract of May 24, 1898. One of Mrs. Barrington's pleas to this count was the judgment of the circuit court of St. Louis setting aside the contract and enjoining the prosecution of any suit thereon. Ryan, before going to trial, entered a *nolle prosequi* as to this count. Ryan testified as a wit-

ness for appellant. He swore that in his testimony before the New Jersey court he stated that his services were exclusive of the contract of May 24, 1898, and were rendered on a different contract or understanding in respect to this particular policy, and that the Mutual Benefit Insurance Company's policy had been allowed in full before any steps were taken in regard to the cancellation of the contract; that his testimony was confined to that one policy and that his services had been rendered prior to any notice from Mrs. Barrington that she had repudiated the contract, and that the sole question was as to the value of his services rendered before notice of the repudiation; that he had received the amount of the judgment through his attorney, but had not paid Mr. Grimm anything, nor had he paid any of the costs. We quote from his testimony in the present case:

"Q. Let me understand you. I understood you a moment ago to state that you didn't testify that she was indebted to you on account of services you had rendered on account of this contract of May 24, 1898, with reference to this policy in the Mutual Benefit Life Insurance Association, but with reference to services in regard to another policy? A. Under the instruction of the judge the policy of the Mutual Benefit Life Insurance Company was the one to which the testimony was confined, and that was the only one I testified about.

"Q. You testified the services had been rendered in regard to that policy before you were notified by Mrs. Barrington that she cancelled the contract you claimed to have with her? A. Absolutely.

"Q. That is the only matter? A. That was the only matter I tried.

"Q. Whether you were entitled to any compensation for services rendered? A. Yes, sir; before the cancellation of my contract.

"Q. Then I understand, Mr. Ryan, that what you

testified to in that respect was that under the contract of the twenty-fourth day of May, 1898, and before you knew that Mrs. Barrington repudiated it, you rendered the services to her in and about the collection of the five-thousand-dollar policy on the life of her husband, and you testified to the value of those services in the New Jersey court? A. I testified that I performed the services; I only testified I had performed the services.

"Q. Under that contract before you knew it was repudiated? A. Yes, sir; I never paid Mr. Grimm anything on this judgment, nor have I paid the costs.

"The court: Have you received the money on the New Jersey judgment which you claimed against Mrs. Barrington? A. Through my attorney; yes, sir."

We think the effect of Ryan's testimony is that the services he rendered were performed under the cancelled contract; but that part of the services were rendered before Mrs. Barrington notified him of its repudiation.

The issues were submitted to the court sitting as a jury, who, after hearing the evidence, found for the garnishee. After the usual and proper steps to save his exceptions, Mr. Grimm appealed to this court.

This case has received prolonged attention as it presented some questions of difficulty about which our views have fluctuated. After the best investigation we could give it, our final conclusion is that the judgment of the court below ought to be affirmed for reasons we shall proceed to state. The main contention of the appellant is that Mrs. Barrington should have pleaded this garnishment suit brought against her by Mr. Grimm, in defense of the suit Ryan instituted in the New Jersey court and that having failed to do so, and that court having adjudged that she was indebted to Ryan at the time the garnishment was served, Mr. Grimm is entitled to a judgment against her for the amount Ryan owes him. The judgment in the New

Jersey court was that Mrs. Barrington was indebted to Ryan on an implied contract for such services as he had rendered in her behalf under the contract by which she employed him to collect her insurance. If he procured the contract by fraud and afterwards rendered services under it with plaintiff's knowledge and consent, she might have been debarred from having the contract set aside until she made Ryan whole. The brief for appellant says that the New Jersey court decided the judgment of the St. Louis circuit court (affirmed in this court) setting aside the contract, was not a determination that Mrs. Barrington owed Ryan nothing on a *quantum meruit,* and hence was no bar to an action by Ryan on a *quantum meruit.* It is true the judgment of the St. Louis circuit court in Mrs. Barrington's suit against Ryan was pleaded in bar in the New Jersey court, and, notwithstanding that plea, the New Jersey court found Mrs. Barrington was indebted to Ryan for services already performed. Two questions, therefore, arise: First, whether the judgment of the St. Louis circuit court determined that Mrs. Barrington was not indebted to Ryan for services rendered; second, if so, and this court affirmed that judgment, and the New Jersey court afterwards decided that she was, are we bound to follow the New Jersey decision on the subject instead of our own, because it was the last one? An examination of the pleadings in the suit brought by Mrs. Barrington in the St. Louis circuit court to set aside the contract employing Ryan, shows that Ryan made reiterated averments in his answer that he had performed meritorious services under the contract, had succeeded in securing the allowance by the insurance company of the full amount of insurance due her, had performed all his part of the contract, that the action of Mrs. Barrington in getting possession of the policy and bringing suit was for the purpose of depriving him of his due for services rendered and that she was refusing to pay him anything whatever for his services

under the contract. These allegations were traversed by a replication. The circuit court granted the relief Mrs. Barrington prayed unconditionally and without a requirement that she should compensate Ryan for the services rendered, or put him *in statu quo*. We think that decision embraced the issue of whether Mrs. Barrington owed Ryan anything which she ought to pay, or had stood by and seen him render valuable services to her; since the relief she asked could not properly be granted under those circumstances. Wells v. Benefit Assn., 126 Mo. 630, 639, 29 S. W. 607; Och v. Railway, 130 Mo. 127, 31 S. W. 962; North v. Stevenson, 71 Mo. App. 427; Beach, Contracts, sec. 792. It is incredible that, in the face of Ryan's answer, he would have been denied any compensation, if he had in fact performed the contract, substantially, with Mrs. Barrington's knowledge and consent, before she sued to rescind; and as this issue was raised, it was necessarily decided. If Mrs. Barrington permitted Ryan to perform the contract or go far toward performing, she could not and would not have been heard on her prayer to rescind for fraud in its procurement. Beach, Contract, sec. 810, and cases cited in notes; Thompson v. Choen, 127 Mo. 215, 28 S. W. 984, 29 S. W. 885. The New Jersey decision was directly opposed to the Missouri one. Now when this garnishment matter came up for hearing, the St. Louis circuit court was confronted by a prior adjudication it had rendered, holding that Mrs. Barrington owed Ryan nothing, which adjudication has been affirmed by this court, the one of last resort. It was confronted also by an adjudication in New Jersey to the opposite effect. We think neither the Federal Constitution nor comity required the St. Louis circuit court, nor requires this court, to accept that foreign decision on the identical issue which had been previously adjudicated as binding and the one rendered here as superseded by it. After Mrs. Barrington was garnished as Ryan's debtor in Missouri, there was an ex-

press adjudication by the Missouri courts that she owed Ryan nothing. With such an adjudication in her favor we think it was not incumbent on her, as otherwise it would have been, to plead the garnishment in the New Jersey suit in order to have that suit await the disposition of the garnishment; she was entitled to act on the assumption that a judgment could not go against her on a garnishment in Missouri as Ryan's debtor, in view of the fact that it had been previously and finally adjudicated that she was not indebted to him. The object of a plea of suit pending in another jurisdiction (when the purpose is not to claim exclusive jurisdiction where the first suit was brought) is to prevent two judgments for the same liability. The only object of pleading the present garnishment in the New Jersey case would have been to protect the garnishee, Mrs. Barrington, from a judgment for the full amount that might be found due to Ryan while she was exposed to a judgment in Missouri on garnishment as Ryan's debtor. If the garnishment had been pleaded, the proper procedure would have been for the New Jersey court to await its determination a reasonable time before proceeding to judgment, and deduct from the judgment in Ryan's favor the amount adjudged against Mrs. Barrington in Missouri. But how could she think there was danger of her having to pay twice unless she took that course? How could she think there was any chance of judgment going against her in Missouri as Ryan's debtor after it had been determined that she owed him nothing? The situation was unusual, and ought to take the case out of the rule requiring a party sued for the same debt in two jurisdictions to plead the pendency of a subordinate action like garnishment, or of a subsequent action for the whole debt, in the forum where the main action pends or was first instituted.

The judgment is affirmed. All concur.